MAY MARAN *vs*. FRANCIS PEABODY, JR., & another, trustees.

Suffolk.   October 17, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Negligence*, Of one controlling real estate. *Landlord and Tenant. Covenant.*

Where a salesgirl, whose employer occupies a part of the first and second floors of a city building, has occasion in the course of her duty to go from the second to the first floor and is forbidden to use the elevator, if she attempts to descend a marble staircase with which she is familiar and on which she knows that the electric lamps are not lighted, this staircase being the only way open to her of getting to the floor below, and holding by the hand rail falls at the first turn by reason of the insufficient lighting of the stairway, in an action by her against the owner of the building for her injuries thus sustained, there is evidence of her due care to be submitted to the jury.

In the action above described it appeared that the defendant, who as the owner of the building had retained control of the elevator and the common stairways, had provided the means and had assumed the duty of lighting the halls and common stairways, that the staircase on which the plaintiff fell wound round the elevator, that the only natural light that reached any part of the stairs came through certain glass doors and through certain crinkled-glass partitions on a hallway on the second floor which was "dark and gloomy" and that, although there was an electric lamp in front of the elevator and another one close to the stairs, neither of them was lighted, that the weather was cloudy and that the elevator when going up and down cast lights and shadows on the stairs. *Held*, that a finding was warranted that, in order to render this stairway reasonably safe for the plaintiff's use at the time of the accident, the defendant should have provided artificial light and that he failed to perform that duty.

In the same case it appeared that the plaintiff's employer had covenanted in his lease that the lessor should not "be liable to the lessee, or to any other person for any injury, loss or damage to any person or property on the premises, or in the" building. The stairway on which the accident happened was not leased to the plaintiff's employer. *Held*, that, whatever might be the respective rights of the landlord and the tenant under this covenant, it did not deprive the plaintiff of her remedy against the owner of the building, whose negligence caused her injury.

TORT against the trustees of the Standish Building Trust, so called, as the owners of a building numbered 367 on Boylston Street in Boston, for personal injuries sustained by the plaintiff, who was a salesgirl in the employ of a tenant occupying portions of the first and second floors of the building, on the morning of June 14, 1915, by reason of the plaintiff falling when, having been excluded from the use of the elevator, she was descending from the second to the first floor on a marble staircase that wound round the elevator and was lighted insufficiently. Writ dated December 16, 1915.

In the Superior Court the case was tried before *O'Connell,* J. The evidence is described in the opinion. At the close of the evidence the defendants asked the judge to order a verdict for them. This the judge refused to do. The defendants then asked the judge to make the following rulings:

"If the plaintiff for a period of five or six years had used the stairway on which she fell on an average of twelve times a day, and if on going up the stairway just before her accident she observed that the electric lights were not lighted, and if before starting to descend the stairway she also noticed that the electric lights in the hallway were not lighted, and under those circumstances continued to go down the stairs and fell because of any darkness, then she was not in the exercise of due care and cannot recover.

"The right of the plaintiff's employer to recover against the defendants under similar circumstances would be determined by the terms of the written lease which he took from the defendants, and if the said lease provides that the defendants shall not be liable to the lessee or to any other person for any injury, loss or damage to any person or property on the premises or in the said Standish Building, this provision would preclude the plaintiff's employer from recovering in an action against the defendants for any damage to his person or property, and the plaintiff's rights being the same and only the same as those of her employer, she cannot recover in this action."

It appeared in evidence that the lease from the defendants to the plaintiff's employer contained a covenant of the lessee "that in no case whatsoever shall the lessors be liable to the lessee, or to any other person for any injury, loss or damage to any person or property on the premises, or in the Standish Building. . . ."

The judge refused to make either of these rulings and submitted the case to the jury. The jury returned a verdict for the plaintiff in the sum of $2,500, of which the plaintiff remitted the sum of $1,000. The defendants alleged exceptions.

*E. H. Hewitt,* for the defendants.

*W. J. Barry,* for the plaintiff.

DE COURCY, J. The defendants, the owners of a building on Boylston Street, in Boston, had leased portions of the first and second floors to one Rosenbaum. The elevator, halls and common stairways remained in their control, and they had provided the means and assumed the duty of lighting them. The plaintiff, an employee of Rosenbaum, after leaving her employer's shop on the second floor was descending the flight of marble steps to the first floor when she fell and was injured.

The plaintiff was familiar with the place, and was aware that the electric lamps were not then lighted; but it was necessary for her to use this stairway at the time because, on the evidence, she had been forbidden to use the elevator by the defendants' employee who operated it. And she testified that she had hold of the handrail until she fell at the first turn, where the treads were wider at the left than at the right. The issue of her due care was submitted to the jury rightly. *Marston* v. *Reynolds,* 211 Mass. 590.

The only alleged negligence of the defendants that went to the jury was their failure to properly light the stairway. The plaintiff was using it by their implied invitation, and they owed her the duty of maintaining it in a reasonably safe condition. The elevator shaft was enclosed by iron grill work, and round this wound the marble staircase. The evidence tended to show that the only natural light reaching any part of the stairs came through the glass doors on Boylston Street, and through the doors and crinkled-glass partitions between Rosenbaum's office on the second floor and the hallway; that when the plaintiff came from the office she found this hallway dark, and the stairway "dark and gloomy;" that although there was an electric lamp in front of the elevator, and one close to the stairs, neither was lighted; that the weather was cloudy that morning, and that the elevator when going up or down cast lights and shadows on the steps. On all the evidence we think the jury were warranted in finding that in order to render this stairway reasonably safe for the plaintiff's use at the time of

the accident, the defendants should have provided artificial light in pursuance of the obligation they had assumed, and that they failed to perform that duty. *Marwedel* v. *Cook,* 154 Mass. 235. *Gallagher* v. *Murphy,* 221 Mass. 363.

The presiding judge rightly refused to give the requested ruling which was based upon a clause in the lease of the plaintiff's employer. The accident did not happen on the premises demised to Rosenbaum. "Whatever may be the respective rights of the landlord and tenant under such a covenant, it does not prevent a person injured from resorting to the liability of the one whose tort has harmed him." *Follins* v. *Dill,* 221 Mass. 93, 98.

*Exceptions overruled.*