GEORGE L. BOUDREAU *vs.* BENJAMIN N. JOHNSON
& another, trustees.

ALFRED C. BOUDREAU *vs.* SAME.

Suffolk. December 2, 1921. — March 3, 1922.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Landlord and Tenant,* Liability of landlord to employee of tenant, Tenant holding over under lease, Tenant at will. *Elevator. Evidence,* Relevancy and materiality, Interrogatories. *Practice, Civil,* Interrogatories.

At the trial of an action by an employee of a tenant of the third and fourth floors of a building against the owner of the building for personal injuries caused by the falling of an elevator alleged to have resulted from negligence of the defendant, it appeared that the plaintiff's employer was holding over as a tenant at will of the fourth floor beyond the term of a lease in writing of that floor and that he was holding the third floor on the same terms. The lease, which contained the only evidence of the right of the plaintiff's employer to use the elevator, was admitted in evidence subject to an exception by the plaintiff. *Held,* that the lease properly was admitted in evidence.

At the trial of the action above described, the only evidence of a right of the plaintiff or of his employer to use the elevator was that it should be used at the lessee's own risk and subject to the following stipulation in the lease: "No charge is to be made by the Lessors for the lessee's use of the freight elevator in said building during such hours of such days of the year as it is customary to furnish freight elevator service in buildings of this class.. . . but the lessee

agrees to use said elevator for the transportation of freight only, in common with others, at its own risk, and in such manner as not to require the attendance of any servant of the lessors." *Held*, that in the circumstances, the plaintiff, being an employee of the tenant of the defendant, had no greater rights against the defendant as to the elevator than did his employer.

If answers of an adverse party to interrogatories propounded to him under G. L. c. 231, §§ 61–67, 89, are introduced in evidence by the party propounding the interrogatories and the facts therein stated are not contradicted in evidence, their truth stands as against the propounding party.

In the absence of a new agreement, a tenant, in holding over after the termination of a lease in writing, holds as a tenant at will and subject to the provisions of the lease.

The employee of a tenant, who was holding over as a tenant at will of certain premises beyond the term of a lease in writing, was injured by reason of a defect in an elevator which, by the terms of the lease, the employer had a right to use only at his own risk. The lease also provided that its covenants should "be in force without demand or notice during said term and for such further time as the Lessee or any person or persons claiming under the Lessee shall hold the demised premises." There was no evidence of wanton or wilful misconduct on the part of the landlord. *Held*, that in the circumstances the employee could not maintain an action of tort for personal injuries against his employer's landlord.

Two ACTIONS OF TORT, the first being by a minor for personal injuries received by reason of the fall of an elevator in a building owned and controlled by the defendants, and the second being by the father of the plaintiff in the first action for consequential damages. Writs dated respectively July 7 and August 14, 1919.

In the Superior Court, the actions were tried together before *Raymond*, J. Material evidence is described in the opinion. At the close of the plaintiffs' evidence, the defendants rested and at their request the judge ordered verdicts in their favor; and the plaintiffs alleged exceptions.

*John Jackson Walsh*, for the plaintiffs.

*R. Spring*, for the defendants.

CARROLL, J. These are two actions of tort. George L. Boudreau, a minor, hereinafter called the plaintiff, sues to recover damages for personal injuries sustained by him on May 31, 1919, resulting from the fall of a freight elevator in the building numbered 124–126 Summer Street, Boston. Alfred C. Boudreau, the father of the plaintiff, sues to recover for expenses incurred by him as a result of the injuries sustained by his son and for loss of his services. At the close of the evidence a verdict was directed for the defendant in each case.

The plaintiff, at the time he was injured, was in the employ of the Ryan-Cushing Company, previously known as the Keever-Ryan Company, the name of the corporation having changed but its identity remaining unaltered. The Ryan-Cushing Company occupied the third and fourth floors of the building owned and controlled by the defendants as trustees under the will of Maria L. Phillips. The remaining floors were occupied by other tenants.

In the rear part of the building there was a freight elevator which the plaintiff and two other employees of the Ryan-Cushing Company were using at the time of the accident. They had been carrying boxes from the fourth to the third floor by means of the elevator and were going from the third to the fourth floor, when the elevator, failing to stop, struck the roof of the building and fell to the basement. There was evidence that the defendants made repairs on the elevator; that another tenant had the right to use the elevator on the same terms as the plaintiff's employers; and that the elevator was used by expressmen and strangers who dealt with said tenants. The only evidence bearing on the right of the Ryan-Cushing Company to use the elevator was a certain written lease, the evidence of one of the defendants, and the evidence appearing in answers to interrogatories. The written lease, which was offered in evidence subject to the plaintiff's exception, was dated May 12, 1909. The lessees were the Keever-Ryan Company and the lessors were the persons who were then trustees of the estate. The lease covered the fourth floor of the building, the term was for three years, beginning July 1, 1909. It contained the provision that the covenants of the lessee "shall be in force without demand or notice during said term and for such further time as the Lessee or any person or persons claiming under the Lessee shall hold the demised premises." The lease also contained this provision relating to the freight elevator: "No charge is to be made by the Lessors for the lessee's use of the freight elevator in said building during such hours of such days of the year as it is customary to furnish freight elevator service in buildings of this class . . . but the lessee agrees to use said elevator for the transportation of freight only, in common with others, at its own risk, and in such manner as not to require the attendance of any servant of the lessors."

The plaintiffs called one of the defendants, who testified that the Ryan-Cushing Company at the time of the accident was holding over under the terms of the written lease; there was no evidence contradicting this statement.  Interrogatories to the defendants and answers thereto were offered in evidence, and in answer to the seventh interrogatory the defendants testified: "There was a freight elevator on that day in said building which said Ryan-Cushing Company had the right to use at its own risk only for transporting freight, and not for any other purposes."

The lease was properly admitted in evidence.  It was admitted that the Keever-Ryan Company and the plaintiff's employer were the same corporation, the name having been changed by appropriate action.  There was evidence that the lease was signed by the persons who were the trustees under the will of Maria L. Phillips, and that at the time the plaintiff was injured the Ryan-Cushing Company was holding over as tenant under the terms of the written lease.

The plaintiff, being an employee of the Ryan-Cushing Company, had no greater rights against the landlord, on the evidence shown in this case, than his employer had.  *Roche* v. *Sawyer,* 176 Mass. 71.  *Dalton* v. *Gibson,* 192 Mass. 1.  *Follins* v. *Dill,* 229 Mass. 321.  The plaintiff's employers occupied the third and fourth floors.  The written lease was of the fourth floor, but there was no evidence that the different floors were held on different terms.  The only evidence showing the lessee's right to use the elevator was that it was to be used at its own risk, according to the stipulation contained in the lease itself.  In the answer to the interrogatories propounded by the plaintiff to the defendants, it was stated that the Ryan-Cushing Company had the right to use the freight elevator at its own risk only, for the transportation of freight and not for any other purpose, and in the answer to the further interrogatory, how many other tenants had the right to use the elevator, it was stated that one other tenant had the right to use the elevator for the same purpose and for no other.  These answers to the interrogatories were offered by the plaintiff and were in no way contradicted by him; and in the absence of any contradiction he is bound by them.  As was said by Mr. Justice Loring in *Minihan* v. *Boston Elevated Railway,*

197 Mass. 367, at page 373: "Where a plaintiff puts in the defendant's answer to interrogatories he does not thereby bind himself to the truth of the facts therein stated. He could contradict the facts there stated by evidence. But until contradicted by evidence, the truth of the facts stated stands as against the plaintiff who puts in the defendant's answers."

The evidence showed that both the third and fourth floors were occupied by the Ryan-Cushing Company on the same terms, and that it was holding over under the terms of a written lease. It is well settled that such a tenant, in holding over after the expiration of a written lease, holds the premises as a tenant at will, according to the terms of the written lease, in the absence of a new agreement. As was said in *Walker Ice Co.* v. *American Steel & Wire Co.* 185 Mass. 463, 467: "Upon the termination of the written lease, the occupancy did not cease, but the relation of landlord and tenant continued . . . the only difference being that instead of being in under a written lease and for a fixed term, they were in by parole and as tenants at will. In holding over whether by mutual consent and agreement or otherwise they held the same premises with all the rights and privileges that had been annexed to them, and upon the terms and conditions specified in the written lease, except so far as modified by mutual arrangement." There was no contradiction concerning the conditions or the terms of the employer's tenancy or its right to use the freight elevator. The lease itself shows the extent of the tenant's rights to use it and the other evidence discloses that its occupancy of both floors was upon the same terms as that contained in the written lease.

The plaintiff's employer having the right to use the elevator, but at its own risk, the defendants were not liable for mere negligence even if we assume that there was evidence tending to establish this, and there was no evidence of wanton or wilful misconduct.

In each case the exceptions are overruled.

*So ordered.*