LESLIE TELLESS *vs.* ROBERT H. GARDINER & others.

Suffolk. November 13, 1928. — January 30, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Landlord and Tenant,* Landlord's liability to tenant's invitee, Elevator. *Negligence,* Gross, Licensee of one owning or controlling real estate.

A truckman, using a freight elevator in a building to remove freight for a lessee from premises on the third floor, was not entitled to recover, in an action of tort against the owner of the building, for injuries due to negligence, but not to gross negligence, of the defendant or of an employee of his who was operating the elevator, where it appeared that the lease of the defendant to the lessee, on whose business the plaintiff was using the elevator, provided that the lessee would make no claim against his lessor "for any injury to person or property which may result from the operation of the elevators, or in any other manner or from any other cause, in the building"; and that the lessor would make no charge for the use of the freight elevator to the lessee who agreed "to use said elevator for the transportation of freight only, in common with others, at . . . [his] own risk, and in such manner as not to require the attendance of any servant of the" lessor; the plaintiff

was at most a licensee and had no better standing than the lessee, who used the elevator at his own risk.

Evidence, at the trial of the action above described, which would warrant a finding that the gate of the elevator was defective because the catch did not operate, or that the elevator man was careless in failing to push it to a sufficient height to enable the catch to hold it firmly, and that he had assured the plaintiff, when the gate had started to slide down and he had pushed it higher, that it was "All right now," would not warrant a finding of the gross negligence essential to the maintenance of the action.

TORT for personal injuries. Writ dated December 21, 1922.

In the Superior Court, the action was tried before *Dubuque,* J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendants. The plaintiff alleged exceptions.

The case was submitted on briefs.

*E. M. Dangel & L. E. Sherry,* for the plaintiff.

*J. M. Morrison & J. W. Coughlin,* for the defendants.

WAIT, J. The plaintiff, a truckman, went to the third floor of a building owned by the defendants, to take away clothing from premises on that floor leased to one Linsky. He loaded the clothing upon a freight elevator, went with it to the ground floor and while removing it was injured by being struck by the gate of the elevator way. The jury could find that as the elevator platform reached the street floor, the elevator man pushed up this gate, and, when it started to slide down again, pushed it higher, stood holding his hand upon it, and said "All right now." The plaintiff took one pile of the clothing to his truck, returned for another, picked up an armful and turned to step out, when the gate fell, striking him on the head. They could find that the plaintiff two or three times before had seen the gate fall when thrown up and left to itself, and had seen the operator hold it up while people were leaving the elevator. They could find that the gate was defective because the catch did not operate, or that the elevator man was careless in failing to push it to a sufficient height to enable the catch to hold it firmly.

It was not disputed that Linsky's lease provided that, as lessee, he would make no claim against his lessors "for any injury to person or property which may result from the

operation of the elevators, or in any other manner or from any other cause, in the building"; and that the lessors would make no charge for the use of the freight elevator to the lessee who agreed "to use said elevator for the transportation of freight only, in common with others, at . . . [his] own risk, and in such manner as not to require the attendance of any servant of the Lessors." Nor was it disputed, as matter of fact, that the defendants themselves employed and paid an elevator man to manage the elevator who was in charge of it at the time of the accident. The plaintiff's account of the operator's conduct however, was flatly contradicted. The trial judge directed a verdict for the defendants. The only question is whether this was error.

There is no liability unless there was an obligation. The plaintiff was not using this freight elevator in consequence of any invitation, express or implied, from the defendants. Whatever might be the principles applicable had the elevator been one supplied for the use of passengers who wished to visit the tenants, there can be no doubt that the use of the freight elevator by this plaintiff was solely in the right of the tenant. *Follins* v. *Dill*, 229 Mass. 321, 324. *Baum* v. *Ahlborn*, 210 Mass. 336. It does not rise higher. *Follins* v. *Dill*, 221 Mass. 93, 95. Linsky could not maintain an action in the circumstances under his lease; he used the freight elevator at his own risk. The plaintiff has no better standing. *Boudreau* v. *Johnson*, 241 Mass. 12, 15, and cases cited. In this respect, we see no greater right in a third person who deals with the tenant than in an employee of the tenant. He is at most not more than a licensee. *Mackey* v. *Lonergan*, 221 Mass. 296.

It cannot successfully be contended that the evidence would support a finding of gross negligence.

In *Maran* v. *Peabody*, 228 Mass. 432, there was evidence that the defendants' servant invited the plaintiff to use the stairway which proved to be dangerous. That decision does not support this plaintiff's action. Equally clearly *Poor* v. *Sears*, 154 Mass. 539, and *Cussen* v. *Weeks*, 232 Mass. 563, are not controlling. It follows that entry must be

*Exceptions overruled.*