HARRY SINGER vs. FARQUHARSON CONFECTIONERY
COMPANY.

Suffolk.   November 4, 1929. — January 28, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Landlord and Tenant*, Covenant against liability for negligence.

A covenant in a lease of a room in a building and of certain space on the
outside walls adjacent to a sidewalk, whereby the lessee agreed to
hold the lessor harmless "from any claim or damage arising from
neglect in not removing snow and ice from roof of the building,
or from the sidewalks bordering from the premises so leased," ap-
plied to and barred a claim against the lessor for personal injuries re-
ceived by the lessee when he slipped upon ice which had formed upon
the sidewalk in front of the building by reason of water dripping from
a sign maintained by the lessor and extending over the sidewalk.

TORT.   Writ dated February 15, 1927.

Material evidence at the hearing in the Superior Court
by *Whiting*, J., without a jury, is stated in the opinion.   The
judge found for the defendant and reported the action for
determination by this court.

*S. L. Solomont*, for the plaintiff.

*J. W. Coughlin*, for the defendant.

WAIT, J.   The plaintiff slipped and fell on the sidewalk
in front of premises owned by the defendant, because of
ice which could have been found to be due to water drip-
ping from a sign maintained by the defendant and extend-
ing over the sidewalk.   He was tenant of a back room upon
the second floor of the building, and of space on either side
of the outer door on the walls adjacent to the sidewalk,
under a lease which contained a covenant by which the
lessee agreed to hold the lessor harmless "from any claim
or damage arising from neglect in not removing snow and
ice from roof of the building, or from the sidewalks border-
ing from the premises so leased."   The trial judge ruled
that the covenant barred recovery, and found for the
defendant.

Whatever might be the right of the plaintiff had he been simply an ordinary traveller on the sidewalk, *Solomon* v. *Weissman,* 265 Mass. 423, *Field* v. *Gowdy,* 199 Mass. 568, he had agreed, when he leased the premises occupied by him, to hold the defendant harmless from damage arising from neglect in not removing snow or ice from the sidewalk.  Had the ice upon which he fell, whatever may have caused its dangerous condition, been removed, the accident would not have occurred.  There was neglect as well in failing to remove it as in permitting it to form. The language of the covenant is broad enough to cover the event which took place.  That the plaintiff did not contemplate such a result is not enough to entitle him to be relieved from his agreement.  *Fera* v. *Child,* 115 Mass. 32.  *Henry H. Tuttle Co.* v. *Phipps,* 219 Mass. 474. *Boudreau* v. *Johnson,* 241 Mass. 12.  The decision in the recent case of *Clarke* v. *Ames,* 267 Mass. 44, seems to us controlling.  In principle it is not to be distinguished. The fact that the accident there in question took place within the building from negligent operation of an elevator, while here it was outside and from carelessly causing ice to form on the sidewalk and failing to remove it, does not affect the essential point, which is the effect of the agreement made by the lessee plaintiff.

The judge was right; and judgment must enter for the defendant on the finding.

*So ordered.*