CHARLES A. PEIRCE *vs.* WALTER HUNNEWELL & others.

Suffolk.     October 4, 1933. — February 14, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Landlord and Tenant,* Rights of lessee's invitee, Licensee, Elevator.

The owner of a five-story business building let the third floor by a lease in writing which provided in substance that the lessee should have the use of an elevator therein, of the freight or factory type, "free of charge and in common with others . . . but at the Lessee's own risk and without liability on the part of the Lessor for damages in any event." The lessee covenanted to keep all elevator gates in perfect running order without expense to the lessor, and it was provided that the elevator was to be "used and controlled" by the lessee in common

with the other tenants "without expense to or interruption from the Lessor." The lessor nevertheless furnished the power for the elevator, made repairs on it, kept it in order, and was insured against liability resulting from its use. A customer of the tenant fell down the elevator shaft because, in dim light, he did not see that, although a guard rail was not in place, the elevator was not at that floor. In an action by him against the lessor, a verdict was ordered for the defendant. *Held*, that

(1) The defendant owed to the plaintiff no greater duty as to the elevator than he owed to the lessee;

(2) With relation to the defendant, the plaintiff's use of the elevator was merely that of a licensee, with a right to use it only at his own risk, even though it were in the control of the defendant;

(3) The verdict rightly was ordered.

TORT. Writ dated April 30, 1929.

In the Superior Court, the action was tried before *Morton*, J. Material evidence is described in the opinion. The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*F. M. Carroll*, (*M. K. Greenberg* with him,) for the plaintiff.

*R. B. Coulter*, for the defendants.

LUMMUS, J. The defendants owned a five-story business building in Boston, and let parts of it to different tenants. The plaintiff, a printer, had come by way of a stairway to have some paper ruled by the tenant of the third floor. When the paper was ready, it was lying on the main part of the third floor, packed in three heavy bundles. The plaintiff took a bundle in each hand, and in the dim natural light went to the elevator, which was of the freight or factory type, and in which apparently the electric light was not lighted at the time. There is no evidence that there was any operator of the elevator. There was an automatic guard bar which was designed to rise as the elevator came to a floor, so that persons could get off; to remain up until the elevator started again; and then to fall into place, barring the opening into the elevator well. There was no evidence that the guard bar was out of order, but it could be tied up. The plaintiff saw the guard bar up, thought the elevator was at the third floor, and stepped in. In fact, the elevator was at rest at the fourth floor; and the plaintiff fell to the bottom of the well.

The defendants do not argue that there was no evidence of want of reasonable care on the part of those in control of the elevator, for at the time of the accident it lacked the effective automatic guard and the light required by regulations for elevators in force in Boston. *Milbury* v. *Turner Centre System,* 274 Mass. 358, 361, and cases cited. Neither do they argue that the absence of effective guard and light was due to the transient misconduct of some recent user of the elevator, without fault on the part of those having responsibility for its care, as in *Hunter* v. *Goldstein,* 267 Mass. 183, *Prushensky* v. *Pucilowski,* 269 Mass. 477, *Todd* v. *Winslow,* 278 Mass. 588, and *McBreen* v. *Collins,* 284 Mass. 253. They do not argue, either, that the plaintiff was negligent as matter of law. *Wright* v. *Perry,* 188 Mass. 268. *Hamilton* v. *Taylor,* 195 Mass. 68, 70, 71. *Taylor* v. *Hennessey,* 200 Mass. 263, 265. *Follins* v. *Dill,* 221 Mass. 93, 98, 99. *Lally* v. *A. W. Perry, Inc.* 277 Mass. 463, 465.

The ground on which the defendants seek to support the direction of a verdict in their favor is that they furnished the elevator, so far as it was for the use of the tenant of the third floor with whom the plaintiff did business, under the terms of a lease to that tenant, by which he was to have the use of the elevator "free of charge and in common with others, during reasonable business hours, but at the Lessee's own risk and without liability on the part of the Lessor for damages in any event . . . . And the Lessee further covenants and agrees with the Lessor . . . to keep all elevator gates in the said premises or at the entrances thereto in perfect running order without expense to the Lessor . . . . The elevators in the said building, the machinery connected therewith and the space occupied thereby are to be used and controlled by the Lessee in common with the other tenants, if any, from time to time in the said building, without expense to or interruption from the Lessor." Notwithstanding these provisions, the defendants in fact furnished the power for the elevator, made the repairs on it, kept it in order, and were insured against liability resulting from its use.

A visitor to a tenant may not be bound, as is the tenant

himself, by a contractual limitation in the lease of the right to recover for negligence of a landlord in the control of elevators and other common passageways. *Clarke* v. *Ames,* 267 Mass. 44, 47, and cases cited.   See also *Singer* v. *Farquharson Confectionery Co.* 270 Mass. 207; *Kirshenbaum* v. *General Outdoor Advertising Co. Inc.* 258 N. Y. 489, 84 Am. L. R. 645. But where the only invitation to the plaintiff to use the elevator or common passageway is that extended by or through the tenant, the plaintiff is limited as against the landlord to a use of the elevator or common passageway on the same terms as the tenant.   In such a case it is held that the landlord owes to the plaintiff the same duty as to the safety of the elevator or common passageway that he owes to the tenant, and no greater duty. *Coupe* v. *Platt,* 172 Mass. 458. *Domenicis* v. *Fleisher,* 195 Mass. 281. *Fitzsimmons* v. *Hale,* 220 Mass. 461. *Pizzano* v. *Shuman,* 229 Mass. 240. *Webber* v. *Sherman,* 254 Mass. 402. *Miles* v. *Boston, Revere Beach & Lynn Railroad,* 274 Mass. 87. *Goodman* v. *Provincetown,* 283 Mass. 457. If as in this case the tenant has a right to use an elevator only at his own risk, a visitor having business with the tenant may use it only upon the same terms, although they are unknown to him. *Telless* v. *Gardiner,* 266 Mass. 90. With relation to the landlord, such a use is merely that of a licensee. We have no occasion to consider whether a visitor to a tenant may have greater rights than the tenant where the landlord has given the visitor some form of direct invitation or has assumed some control of his person. See *Gordon* v. *Cummings,* 152 Mass. 513; *Plummer* v. *Dill,* 156 Mass. 426; *Telless* v. *Gardiner,* 266 Mass. 90, 92; *Clarke* v. *Ames,* 267 Mass. 44, 47; *Lally* v. *A. W. Perry, Inc.* 277 Mass. 463, 467.

The ground of this decision, that the plaintiff had a right to use the elevator only at his own risk, even though it were in the control of the defendants, renders it unnecessary to consider whether it was not in the control of the various tenants to the exclusion of the defendants (*Rice* v. *Trustees of Boston University,* 191 Mass. 30), notwithstanding the fact that the defendants gratuitously furnished the power for it and kept it in working order, and had taken the pre-

caution of obtaining liability insurance.  See *Green* v. *Pearl-stein*, 213 Mass. 360; *Maionica* v. *Piscopo*, 217 Mass. 324; *Bergeron* v. *Forest*, 233 Mass. 392, 398, 399; *Bell* v. *Siegel*, 242 Mass. 380; *Sullivan* v. *Northridge*, 250 Mass. 270.

*Exceptions overruled.*