WALTER S. GARLAND *vs.* CHARLES STETSON & another.

Suffolk.   May 21, 1934. — September 13, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence*, Invited person, Of one owning or controlling real estate, Elevator, Violation of regulation. *Landlord and Tenant*, Landlord's liability to invitee of tenant, Elevator. *Nuisance. Evidence*, Presumptions and burden of proof, Relevancy and materiality. *Department of Public Safety. Proximate Cause.*

On contradictory statements of a witness without his finally making clear which statement is true, it is for the jury to find the fact.

A landlord having control of a defective gate to the shaft of a freight elevator was not liable at common law, either for negligence or for maintaining a nuisance, to an invitee of his tenant hurt by falling into the shaft, where the injured person was using it for a purpose for which he was not expressly or impliedly invited to use it by the landlord and, though such use was authorized by the tenant, the gate was in the same condition at the time of the accident as it was in at the time of the letting; nor did liability result from the landlord's violation either of St. 1907, c. 550, § 38 (Boston building act), or of regulations of the department of public safety made under G. L. (Ter. Ed.) c. 143, §§ 68, 69.

Regulations of the department of public safety as to the lighting of elevators and the approaches thereto were immaterial at the trial of an action against the owner of a building for injuries resulting from falling into an elevator shaft, where the regulations did not impose any duty on the defendant to turn on the lights and the evidence showed that he had furnished the required fixtures.

Failure of the owner of a building to comply with an order for alterations therein by the building authorities did not render the owner liable for personal injuries sustained in the building but not caused by such failure.

TORT.   Writ dated February 26, 1929.

The action was tried in the Superior Court before *Bishop*, J., who, after the recording of a verdict for the plaintiff in

the sum of $7,500, ordered entered a verdict for the defendants under leave reserved and reported the action for determination by this court.

*F. I. Rose,* for the plaintiff.

*J. T. Connolly,* (*W. R. Donovan* with him,) for the defendants.

DONAHUE, J. This is an action against the owners of a five-story commercial building, the first floor and basement of which had been let to one Kotzen, a wholesale fruit and produce dealer, to recover damages for injuries received by the plaintiff in falling from the first floor to the bottom of the well of a freight elevator. The elevator also served the upper floors of the building but these at the time of the plaintiff's accident were unoccupied. The plaintiff had bought goods from Kotzen for many years and during the latter's tenancy was accustomed to go to the premises in question several times a week to make purchases. On the day of the accident he went there for that purpose. He examined the goods in and about the front part of the store and having been told that Kotzen, whom he wished to see, was upstairs, he went to the elevator shaft which was located about twenty-five feet from the front of the store. He testified that although the sun was shining outside, it was very dark in the vicinity of the elevator shaft and no electric lights were there turned on. He noticed, however, that the elevator was there and that the gate at the elevator opening was tied up with a rope so that it could not drop down when the elevator car had left that floor. He stepped into the car and shouted for Kotzen. Receiving no reply he went back to the front of the store and resumed his examination of the merchandise there displayed. After a few moments he went again to the elevator shaft to shout to Kotzen. When in the vicinity of the opening he saw coming toward him in the narrow passageway in front of the elevator a man, not an employee of Kotzen, carrying a crate on his shoulder. He testified that without considering the gate and the fact that he had observed a few moments before that the gate was tied up or without looking to see if the elevator car was still there,

in order to get out of the way of the man approaching he stepped to one side and through the elevator opening. The elevator was not there and he fell to the bottom of the shaft. The elevator opening was equipped with a gate originally designed to fall automatically and furnish a barrier to the elevator well when the elevator car was not at that floor. There was evidence warranting the finding that at the time of the letting to Kotzen and at the time of the accident, the elevator gate if not tied up would, because of the defective condition of the mechanism supporting it, come down when the car was stopped at that floor level, thus barring entrance to or egress from the car. At the time of the letting and of the accident it was tied up and hence could not drop and provide a barrier to the elevator opening when the elevator car was not at that floor.

There was conflicting evidence as to the terms of Kotzen's tenancy. The defendants introduced in evidence as Exhibit 4 a typewritten statement which purported to set forth the terms of the letting. It was signed by Kotzen at some time prior to the trial and by the defendants at the time of the trial. Among other things it provided indemnity to the defendants from all loss, damage, liability or expense incurred by reason of the tenant's neglect or use of the premises or anything therein, or by reason of any injury to any person therein or on the elevators or approaches thereto and also provided that the agreement should be construed as including use of the premises by persons claiming rights to be therein through or under the tenant. There was also evidence introduced by the defendants that Kotzen signed the agreement at the defendants' office at or about the time he became a tenant more than a year before the accident. But Kotzen testified that he signed no paper at the defendants' office, and, variously, in prolonged direct and cross-examinations, that he signed the paper after the accident, that he did not remember when he signed it, that he was positive that he did not sign it before a time several weeks after the accident, that according to his best recollection he signed it after the accident, and again that according to his best

recollection he thought it was true that he signed it before the accident. We think that there was presented the situation of conflicting statements of a witness so that it was for the jury to say where the truth lay, and not the situation where a witness finally definitely adheres to one statement in preference to the other. *Sullivan* v. *Boston Elevated Railway,* 224 Mass. 405. *Goodell* v. *Sviokcla,* 262 Mass. 317. *Purple* v. *Greenfield,* 138 Mass. 1. The jury were warranted in finding, as the plaintiff contended, that the written agreement was not signed until after the accident and that it did not express the terms of the actual letting in force at the time when the plaintiff was injured. Disregarding the agreement, there was evidence which permitted the finding that the basement and first floor were let to Kotzen as tenant at will with the right to operate the elevator in connection with the use of the premises let, that the elevator shaft, car or gate were not demised to him, that the right of control thereof remained in the defendants, although they made no repairs to the elevator during Kotzen's tenancy up to the time of the accident nor exercised any actual control over it, and that the plaintiff received his injury by reason of the condition in which the gate was maintained. *Shea* v. *McEvoy,* 220 Mass. 239, 241. *Conroy* v. *Maxwell,* 248 Mass. 92, 97. *Leydecker* v. *Brintnall,* 158 Mass. 292. *Stewart* v. *Harvard College,* 12 Allen, 58, 66.

The decisive question here presented is whether the maintenance of the gate in such condition that it would not respond automatically to movements of the elevator violated any obligation which the defendants owed to the plaintiff. It was necessary for the plaintiff, in order to establish a liability of the defendants to him, to prove either a direct relationship between himself and the defendants through an invitation from them or a relationship between himself and the defendants' tenant which put upon the defendants an obligation to the plaintiff with respect to the instrumentality which caused his injury. There was no evidence here of a direct invitation from the defendants. Nor does the evidence warrant a finding that the plaintiff

was at the place of his injury through an implied invitation
of the defendants by reason of the physical construction of
the building or portions thereof or of any apparent prepara-
tion or adaptation of the elevator for his use.   Compare
*Gordon* v. *Cummings,* 152 Mass. 513, 517; *Marwedel* v.
*Cook,* 154 Mass. 235, 237; *Plummer* v. *Dill,* 156 Mass. 426,
427; *Hamilton* v. *Taylor,* 195 Mass. 68, 71; *Stone* v. *Lewis,*
215 Mass. 594, 597; *Maran* v. *Peabody,* 228 Mass. 432;
*Chestnut* v. *Sawyer,* 235 Mass. 46, 50.   The elevator car
obviously was designed and furnished for the carriage of
freight.   There was nothing in its structure or appearance
which furnished to the plaintiff an implied invitation from
the defendants to use it to facilitate shouting for Kotzen
as he had earlier done and intended again to do when he
approached it for the second time or to use the elevator
opening in·order to give freedom of passage to the man who
was approaching him.   The plaintiff's actual and contem-
plated use of the elevator or its appurtenances had nothing
to do with the transportation of freight.   There is nothing
to show a past use of the elevator for other purposes acquie-
sced in·by the defendants.   Compare *Mikkanen* v. *Safety
Fund National Bank,* 222 Mass. 150.   The evidence does
not permit the inference that the plaintiff was where he
was at the time of the accident by reason of any direct or
implied invitation from the defendants.   It cannot, there-
fore, be held that any duty based on that ground existed.
*Plummer* v. *Dill,* 156 Mass. 426.   *Stone* v. *Lewis,* 215 Mass.
594, 597.   *Morong* v. *Spofford,* 218 Mass. 50, 52.   *Lally*
v. *A. W. Perry, Inc.* 277 Mass. 463.

   The plaintiff was, however, upon the premises demised
through the tenant's implied invitation.   By virtue of that
relationship between the plaintiff and the tenant there arose
an obligation on the part of the defendants to the plaintiff,
if he was making an authorized use of the premises, with
respect to areas of which the defendants had the right of
control.   That under our decisions was no different or
greater obligation than the defendants owed to their ten-
ant Kotzen; it was their duty to keep such areas in the
same condition as to safety as they were or appeared to be

in at the time of the letting to Kotzen. *Flanagan v. Welch*, 220 Mass. 186. *Fitzsimmons v. Hale*, 220 Mass. 461. *White* v. *Beverly Building Association*, 221 Mass. 15, 19. *Draper* v. *Cotting*, 231 Mass. 51. *Boudreau* v. *Johnson*, 241 Mass. 12. *Telless* v. *Gardiner*, 266 Mass. 90, 92. *Bronstein* v. *Boston & Maine Railroad*, 285 Mass. 491, 495. *Peirce* v. *Hunnewell*, 285 Mass. 287. If we assume that the use of the elevator which the plaintiff was attempting to make at the time of the accident was within the scope of the tenant's invitation, the plaintiff could not recover from the defendants. There was evidence that the gate at the time of the letting was tied up and did not respond automatically to the movements of the elevator car and no evidence on which it could be found that its condition then was otherwise. This was also the situation at the time of the plaintiff's accident. The evidence did not warrant the finding that the defendants violated the duty they owed to the plaintiff as one upon the premises on invitation of the tenant and under the right of the tenant.

The plaintiff introduced in evidence regulations of the department of public safety of the Commonwealth promulgated under the authority of G. L. c. 143, §§ 68, 69, and also introduced § 38 of St. 1907, c. 550, which is an act relating to the construction and maintenance of buildings in the city of Boston. These include provisions that landing openings of freight elevators shall be protected by gates which close automatically and that such elevators shall be properly lighted by lights located in or adjacent to the shaftways or in the elevator car. The plaintiff contends that these requirements established under the authority of statutes put on the defendants as owners of the premises a duty to the plaintiff independent of any common law duty imposed upon them by reason of the relation of landlord and tenant existing between them and Kotzen. It has been held that such a construction cannot be given either to the general provisions in St. 1907, c. 550, that every building shall be maintained in such repair as not to be dangerous and that the owner shall be responsible for the maintenance of all buildings and

structures (§ 127), *Vallen* v. *Cullen*, 238 Mass. 145; *Pal-migiani* v. *D'Argenio*, 234 Mass. 434, or to the specific provision that the building commissioner may order that sprinklers be installed in certain types of buildings (§ 45 as amended by St. 1921, c. 476), *Borden* v. *Hirsh*, 249 Mass. 205.

The reason is that the statute does not manifest the intention to change the obligations which under our decisions arise from the relationship of landlord and tenant or to add an additional civil liability independent of those obligations. *Borden* v. *Hirsh*, 249 Mass. 205, 210, and cases cited. *Johnson* v. *Carter*, 218 Iowa, 587. We think that principle must here govern the effect to be given to the regulations and the statute introduced in evidence by the plaintiff. It has been held that such regulations would not affect a defendant's liability in the absence of some relationship between him and the plaintiff which gave the plaintiff a better status than that of a licensee or a trespasser. *Richardson* v. *Whittier*, 265 Mass. 478. Since on the evidence it could not have been found that the plaintiff was at the place of his injury by the direct or implied inducement of the defendants, there was no such relationship between them as to put upon the defendants the obligation which they would have owed to an invitee of their own. If that relationship had existed, a violation of such regulations would have been evidence for the consideration of the jury, although not conclusive, on the question of the defendants' negligence. *Finnegan* v. *Winslow Skate Manuf. Co.* 189 Mass. 580. The plaintiff was undoubtedly on the premises by invitation of the tenant. That fact created a relationship between the defendants and the plaintiff whereby the defendants owed to the plaintiff only the obligation as to the condition of the elevator which they owed to the tenant. Since the elevator gate was tied up and not operating automatically both at the beginning of the tenancy and at the time of the accident it could not on the evidence have been found that the only legal duty of the defendants to the tenant and to the plaintiff as well with respect to the gate was not performed.

The plaintiff offered and the trial judge excluded elevator regulations of the department of public safety which provided that every freight elevator should be properly lighted by electricity or gas at such times as there should be insufficient natural light and that the lights might be located in or adjacent to the shaftways if they lighted the elevator properly or located in the elevator car and that there should be electric or gas lighting at each story near elevators installed before December 26, 1923, so arranged as to illuminate the car and its approaches properly. There were at the time of the accident in the vicinity of the elevator shaftway electric light fixtures furnished with bulbs which were, however, not lit at that time. There is nothing in the record to indicate that if they had been lighted they would not have illuminated the elevator car and its approaches to the extent required by the regulations. As we understand the record they were located in a part of the premises demised to the tenant. At any rate the duty of turning on the lights was assumed by the tenant and was not undertaken by the defendants. They were turned on by the tenant or his employees when the elevator was in use and turned off when it was not. Evidence descriptive of the appearance of the car indicated that at some time, whether before or after the letting did not appear, there had been an electric light fixture therein which had been removed. There was nothing to show that without an electric bulb lighting in the car the required illumination would not be afforded by the electric bulbs located in the vicinity of the shaft. The regulations did not require a light in the shaft if lights outside it furnished sufficient illumination. On the evidence a finding was not warranted that the premises were not equipped by the defendants with lighting facilities which if used would meet the requirements of the regulations. Those regulations did not in terms place upon the defendants as owners the obligation to keep them lighted. If it was the intent of the framers of the regulations to impose such a duty on owners, an additional word or two would have expressed that result. Compare *Carey* v. *Klein,* 259 Mass. 90; *Brodsky* v. *Fine,* 263 Mass. 51; *Steele*

v. *Lifland,* 265 Mass. 233. We do not think that we are justified in construing these regulations as manifesting the purpose to change or add to the obligations which under existing law arise from the relation of landlord and tenant. *Palmigiani* v. *D'Argenio,* 234 Mass. 434. On the facts here appearing the regulations in question were not applicable and there was no error in their exclusion.

The plaintiff contends that the jury were warranted in returning a verdict in his favor on the ground of a continuing nuisance. He relies on cases which hold that an owner, who lets premises or gives the right to use premises remaining in the owner's control which are, at the time of the letting, in such a defective condition as to constitute a nuisance or as likely to become a nuisance, contemplating that such nuisance would continue, is liable to third persons who are thereby injured. See *Dalay* v. *Savage,* 145 Mass. 38, 40; *Maloney* v. *Hayes,* 206 Mass. 1, 3; *Marston* v. *Phipps,* 209 Mass. 552, 555; *Anderson* v. *Kopelman,* 279 Mass. 140, 146. That principle does not apply to the plaintiff, who was not such a third person. He was in a relationship to the defendants which imposed upon them the same duty to him that they owed to the tenant. "But it is not a tort as against the tenant for a landlord to demise to him premises in such a condition that they are a nuisance. . . . And it is no more a tort as against the tenant and those entering under him to authorize him to continue the premises in that condition than it is to let such premises to him." *Miles* v. *Janvrin,* 196 Mass. 431, 437. *Pizzano* v. *Shuman,* 229 Mass. 240, 243.

Before the tenancy of Kotzen began the building commissioner of the city of Boston had ordered the defendants to make certain specified changes or repairs in safety devices located on the elevator car and regulating its movements in the shaft. The defendant did not make the required alterations but notified the tenant then in occupancy of the premises of the receipt of the order. The terms of the letting to him do not appear. The defendants did not inform Kotzen at the time of the letting to him or afterwards that they had received the order. The changes

or repairs ordered by the commissioner had no relation to the operation of the gates or to the lighting, as to which the commissioner had made no order. The injury to the plaintiff was not the result of the failure of the defendants to see to it that there was compliance with the order of the commissioner relating to safety devices on the elevator car. The plaintiff contends that the failure of the defendants to notify Kotzen of the issuance of the order with respect to safety devices or to comply therewith constituted negligence or the intentional maintenance of a nuisance which entitles the plaintiff to recover a verdict. But neither the careless act of a defendant nor his maintenance of a nuisance makes him liable for damages to a plaintiff which are not the proximate result of such negligence or such nuisance. *Stone* v. *Boston & Albany Railroad,* 171 Mass. 536, 544. *Dalton* v. *Great Atlantic & Pacific Tea Co.* 241 Mass. 400, 403. *Wainwright* v. *Jackson,* 291 Mass. 100, 102–103. The circumstances shown in the record do not warrant the finding that the plaintiff's injuries were the proximate result of the defendants' negligence or maintenance of a nuisance because they did not comply with the order which referred only to safety devices on the elevator car.

After a verdict for the plaintiff the trial judge under leave reserved ordered that a verdict be entered for the defendants (G. L. [Ter. Ed.] c. 231, § 120). He reported the case to this court on the stipulation that if the jury might properly have found for the plaintiff "upon the evidence reported, plus evidence wrongly excluded to which valid exceptions were taken, if any, and eliminating such evidence as was improperly admitted and to which valid exceptions were taken, if any, then final judgment is to be entered for the plaintiff on the verdict, and otherwise final judgment to be entered for the defendants." In arriving at our conclusions we have followed the terms of the stipulation as to evidence admitted or excluded under the exceptions of the parties but do not think it necessary to discuss in detail those exceptions further than has already been done. Most of the evidence to which the plaintiff's exceptions relate has to do with the matters of the defendants' control of the

elevator, of the written agreement purporting to express the terms of the letting to Kotzen and of the condition of the gate at the time of the letting and of the accident. Since we hold that there was evidence warranting the jury in finding substantially in accord with the plaintiff's contentions of fact as to these matters such exceptions need not be discussed.

As the jury might not properly find for the plaintiff, in accordance with the terms of the stipulation judgment must be entered for the defendants.

*So ordered.*