BARBARA McCARTHY *vs.* ISENBERG BROS., INC.

Suffolk.     December 5, 1946. — April 2, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Landlord and Tenant*, Landlord's liability to tenant or his family or his invitee, Covenant against liability. *Negligence*, Invited person, Contractual limitation of liability.

A clause in a lease of rooms in a business building, made before 1945, that persons in the building in the right of the lessee should not make any claim against the lessor for injuries sustained while in transit to such rooms through the hallways, stairways and the like, precluded recovery against the lessor by an invitee of the lessee for personal injuries sustained through alleged negligence of the lessor in failing to light a hallway and stairway in his control.

The fact that the owner of a business building lets different parts of it to different tenants and retains control of the common hallways, stairways, elevators and the like does not of itself show a direct invitation by the owner to persons having business with the tenants to use such common parts of the building.

TORT. Writ in the Superior Court dated September 22, 1943.

The action was tried before *Good*, J.

*T. B. Shea*, for the plaintiff.

*R. N. Daley*, for the defendant.

QUA, J. On August 10, 1943, the defendant was in control of an office building on Sudbury Street in Boston. One Osoff occupied rooms on the sixth floor under a lease which provided that the lessee would not, and others claiming the right to be in the building through or under the lessee should not, make any claim against the lessor for any injury to persons or property occurring from any cause or in any

manner upon the demised premises or in transit thereto upon the hallways, stairways, elevators or the like. On that day the plaintiff, intending to go to Osoff's place of business to make a purchase, was injured by falling from the corridor on the sixth floor down some stairs which she contends she failed to see because of the defendant's neglect to replace a bulb in a light fixture near the scene of the accident. The corridor and stairs remained in the control of the defendant. The judge directed a verdict for the defendant. The plaintiff excepts.

It is plain that if Osoff, the tenant, had been injured as the plaintiff was, Osoff could not have recovered because of the provisions of the lease. *Clarke* v. *Ames,* 267 Mass. 44. In *Peirce* v. *Hunnewell,* 285 Mass. 287, at page 290, this court said that "where the only invitation to the plaintiff to use the elevator or common passageway is that extended by or through the tenant, the plaintiff is limited as against the landlord to a use of the elevator or common passageway on the same terms as the tenant. In such a case it is held that the landlord owes to the plaintiff the same duty as to the safety of the elevator or common passageway that he owes to the tenant, and no greater duty," citing cases. In the same case we also said that a visitor having business with the tenant may use the elevator or common passageway only upon the same terms upon which the tenant may use them, although those terms are unknown to him. To the same effect are *Boudreau* v. *Johnson,* 241 Mass. 12, *Telless* v. *Gardiner,* 266 Mass. 90, *Grady* v. *Gardiner,* 272 Mass. 491, *Cushing* v. *Jolles,* 292 Mass. 72, 75, *Garland* v. *Stetson,* 292 Mass. 95, 99–100, *Harrington* v. *Dorchester Fields Corner Storage Warehouse Co.* 297 Mass. 85, 89–90, *Story* v. *Lyon Realty Corp.* 308 Mass. 66, 69, *Bacon* v. *Jaques,* 312 Mass. 371, 373, and *Pereira* v. *Gloucester Community Pier Association, Inc.* 318 Mass. 391, 393. See *Follins* v. *Dill,* 221 Mass. 93; *Carey* v. *Klein,* 259 Mass. 90, 92.

The plaintiff appears to take the position that the defendant by letting portions of the building to different tenants and retaining control of common passageways and stairways has itself extended a direct invitation of its own to all

persons who have occasion to visit its tenants and has assumed a duty to them to use due care to keep such portions of the premises in safe condition. Many courts have adopted a similar view. See *United Shoe Machinery Corp.* v. *Paine*, 26 Fed. (2d) 594; *Brandt* v. *Rakauskas*, 112 Conn. 69; Restatement: Torts, § 360; Tiffany, Landlord & Tenant, § 89; 25 Am. L. R. 1273 (compare 1291); 39 Am. L. R. 295; 58 Am. L. R. 1412; 75 Am. L. R. 155; 97 Am. L. R. 221. Some of our own decisions, but not those most recent, contain language which seems consistent with this view. See, for example, *Looney* v. *McLean*, 129 Mass. 33, 35; *Marwedel* v. *Cook*, 154 Mass. 235, 236; *Coupe* v. *Platt*, 172 Mass. 458; *Wright* v. *Perry*, 188 Mass. 268, 270; *Hamilton* v. *Taylor*, 195 Mass. 68, 71; *Morong* v. *Spofford*, 218 Mass. 50. The two possible views are stated in the dissenting opinion of Justice Holmes in *O'Malley* v. *Twenty-five Associates*, 170 Mass. 471, 478, from which it would seem that the three dissenting justices at least regarded the matter as then (1898) still open. The more recent cases previously cited in this opinion show, however, that it has now become accepted as the law of this Commonwealth that an owner who lets different portions of his building to different tenants, retaining control of the common approaches, does not, by that fact alone without more, extend a direct invitation of his own to all persons having occasion to do business with his tenants, and that such persons enter under the invitation of the tenants, to whose rights they are limited.

That this is so also appears from numerous cases in which it has been held that the duty of the landlord toward persons who come upon the premises to do business with his tenant is no greater than his duty to the tenant, and in the absence of special agreement that duty is to use reasonable care to maintain common approaches in as good condition as they were in or appeared to be in at the time of the letting to the tenant. A few of these cases are collected in the footnote.[1] If the landlord extended a direct invitation to

---

[1] *Freeman* v. *Hunnewell*, 163 Mass. 210. *Fitzsimmons* v. *Hale*, 220 Mass. 461, 465–466. *Pizzano* v. *Shuman*, 229 Mass. 240, 242–243. *Draper* v. *Cotting*, 231 Mass. 51, 59–60. *Carey* v. *Klein*, 259 Mass. 90, 92. *Bronstein* v. *Boston & Maine Railroad*, 285 Mass. 491, 495. *Wynn* v. *Sullivan*, 294 Mass. 562, 564–

these persons independently of the tenant none of these cases could have been decided as it was, since in that view the condition of the premises at the time of the letting would have been wholly immaterial in determining the landlord's duty. There may perhaps be cases in which the landlord goes beyond the mere retention of control of common passageways and does extend an invitation on his own account for his own purposes. See *Learoyd* v. *Godfrey*, 138 Mass. 315; *Gordon* v. *Cummings*, 152 Mass. 513; *Hamilton* v. *Taylor*, 195 Mass. 68, 71. But see *Jordan* v. *Sullivan*, 181 Mass. 348, 350; *Brosnan* v. *Koufman*, 294 Mass. 495. There is, however, no evidence of that in this case.

The plaintiff relies strongly upon the case of *Maran* v. *Peabody*, 228 Mass. 432. In that case the employee of a tenant was injured by a fall on a stairway which the defendants, owners of the building, retained in their control. At page 434 it is said that the plaintiff was using the stairway by the defendants' implied invitation, and it was held that a clause in the lease to the tenant providing that in no case should the lessors be liable to the lessee or to any other person for any injury in the building did not preclude recovery by the plaintiff. If there was in truth a direct invitation from the defendants to the plaintiff, the decision would be consistent with our other more recent cases. The *Maran* case is distinguished in *Telless* v. *Gardiner*, 266 Mass. 90, 92, on the ground that in the *Maran* case a servant of the defendants did give a direct invitation to the plaintiff to use the stairway. Unless some such distinction can be found, it is difficult, if not impossible, to reconcile the *Maran* case with many others in which no direct invitation from the

565. *Marquis* v. *John Nesmith Real Estate Co.* 300 Mass. 203, 205. *Rogers* v. *Dudley Realty Corp.* 301 Mass. 104, 105. *Russo* v. *Rizzo*, 302 Mass. 177. *Sullivan* v. *F. W. Woolworth Co.* 305 Mass. 378. *Boisse* v. *Goldberg*, 306 Mass. 336. *McNeill* v. *Home Savings Bank*, 313 Mass. 664, 666. *Sneckner* v. *Feingold*, 314 Mass. 613, 614. *Sullivan* v. *Belding*, 315 Mass. 701, 703.

That the ordinary duty of the landlord to his tenant is merely to use reasonable care to keep common passageways in as good condition as they were in or appeared to be in at the time of the letting must be deemed to have been definitely established in this Commonwealth by the time of the decision in *Andrews* v. *Williamson*, 193 Mass. 92, "Whatever may be the rule elsewhere, and notwithstanding some dicta in our reports seemingly to the contrary." 193 Mass. at page 94.

owner of the building has been discovered. The *Maran* case is cited with apparent approval in *Cussen* v. *Weeks*, 232 Mass. 563, 565, but the covenant in the lease in that case was said not to be applicable to the elevator gate which was the cause of the death of the plaintiff's intestate. The *Maran* case is mentioned in a dictum in *Clarke* v. *Ames*, 267 Mass. 44, 47, which, however, does not mention *Telless* v. *Gardiner*, 266 Mass. 90, wherein the *Maran* case was distinguished. Except to the extent that the *Maran* case was used as authority in *Cussen* v. *Weeks*, *supra*, it has not been followed in any decision on the point of a direct invitation by the landlord. We deem the present case to be governed by *Peirce* v. *Hunnewell*, 285 Mass. 287, and the other cases in accord with that case.

The provisions of G. L. (Ter. Ed.) c. 186, § 15, added by St. 1945, c. 445, § 1, rendering void certain provisions in leases or other "rental agreements" relieving landlords from liability, relate only to leases and "rental agreements" entered into after October 1, 1945, and do not apply in this case.                    *Exceptions overruled.*