*Municipal Court of the City of Boston*

No. T-6062

**PHILIP SCHWACHMAN**

**v.**

**MASSACHUSETTS WHOLESALE FOOD TERMINAL, INC.**

(November 9—November 20, 1962)

*Present*: Gillen, J. (Presiding), Roberts & Lewiton, JJ.

Case tried to *Canavan, J.*

Argued: ——————    Decided: ——————

*Lewiton, J.* In this action of tort, the plaintiff sought to recover for personal injuries which he sustained in a fall allegedly caused by the defendant's negligent maintenance of a common stairway which the defendant controlled in a building owned by it.

At the close of the evidence, about which there was little dispute, the defendant requested rulings of law including one to the effect that "the defendant breached no legal duty owed by it to the plaintiff." This ruling was denied. Since our decision on this point is decisive of the case, there is no occasion for us to discuss other rulings which were denied, or the defendant's claim that it was aggrieved by such denials.

From the uncontradicted evidence, and the findings of fact made by the trial judge, all of which were warranted by the evidence reported, the circumstances were substantially as follows:

The defendant was the owner of a building in which it had several tenants, including a wholesale vendor of meats with whom the plaintiff, a retail meat dealer, did business. In order to reach the premises of this wholesaler, it was necessary for the plaintiff to descend a common stairway which was under the control of the defendant. As he started to descend this stairway on the day of the

accident, the plaintiff slipped and fell and suffered personal injuries.

The evidence warranted the trial court's finding that the plaintiff slipped on some suet which was on one of the steps as he stepped on it, and which had been on the step long enough for the defendant, in the exercise of reasonable care, to have discovered and removed it.

The decisive issue in the case is whether the defendant was under any duty to the plaintiff to exercise reasonable care to keep the steps free from suet or other foreign substances, and therefore, whether its failure to do so represented a breach of any duty to the plaintiff. In our opinion the defendant owes no such duty to the plaintiff.

It is clear that the plaintiff at the time of the accident, was an invitee of the defendant's tenant, not of the defendant. *McCarthy v. Isenberg Bros., Inc.,* 321 Mass. 170, 172-3. Consequently, this case is governed by the rule stated in *Bacon v. Jaques,* 312 Mass. 371, 373:

> "It is settled that a landlord owes to the members of a tenant's family, and to his guests and invitees the same duty that he owes to the tenant, and that his only duty to the tenant with respect to common passageways and other premises remaining in his, the landlord's, control is to use due care to keep such parts of the premises in the same conditions as they were or appeared to be in at the time of the letting . . . . . The landlord, however, owes no duty to the tenant or one acting

in his right to remove foreign substances from common passageways, whether placed there before or after the letting, unless thereafter he or one for whose acts he is responsible placed the obstruction there."

*Watkins v. Goodall,* 138 Mass. 533, 536; *Caruso v. Lebowich,* 251 Mass. 477, 478; *Richmond v. Warren Inst. for Savings,* 307 Mass. 483, 486; *Vaillancourt v. Rex Realty Corp.,* 326 Mass. 534, 535-6; *McCarthy v. Isenberg Bros., Inc.,* 321 Mass. 170, 172.

The case of *Kanter v. Mass. Wholesale Food Terminal. Inc.,* 340 Mass. 339, in which the court assumed that the plaintiff there was a business invitee of the defendant, cannot be regarded as indicating an intent on the part of the Supreme Judicial Court to depart from the line of cases cited above. See *Martin v. Reis,* 344 Mass. 32, 35-36.

There was no evidence in this case to indicate who had caused the suet on which the plaintiff slipped to be present on the stairway. Certainly the evidence would not warrant a finding that its presence there was due to any act on the part of the defendant or of any person for whom the defendant was responsible. Thus, there was no evidence of a breach by the defendant of its duty to the plaintiff to refrain from placing obstructions or foreign substances on the common stairway in question. Neither was there any evidence to indicate any change in the actual or apparent condition of the common stairway between the commencement

of the tenancy of the wholesaler, whom the plaintiff intended to visit, and the time of the accident, so there was no evidence from which the court could properly have found any breach of the defendant's duty to keep the stairway in the same condition as it was or appeared to be in at the time of the letting.

Consequently, the trial judge should have granted requested ruling number 4 to the effect that the defendant breached no legal duty owed by it to the plaintiff, and should have found for the defendant.

*Finding for the plaintiff vacated.* The case is for entry of a finding for the defendant in conformity with this opinion.

Albert Escott, of Boston, for the Plaintiff.

Andrew F. Lane, of Boston, for the Defendant pointed out the distinction between the plaintiff's status as a business invitee of the defendant, citing *Gallagher v. Stop & Shop, Inc.,* 332 Mass. 560, and his status as a business invitee of the defendant's tenant, citing *McCarthy v. Isenberg Bros., Inc.,* 321 Mass. 170, 172 and *McDermott v. Merchants Co-op Bank,* 320 Mass. 426, 426. He also pointed out the difference in the duty owed by the defendant if he had been a direct inviter of the plaintiff where his duty would have been to keep the premises reasonably safe for the use of his invitees, and his duty as a landlord to keep the portions of the premises in the same condition that they were or appeared to be at the time of the letting. *Bacon v. Jaques,* 312 Mass. 371, 373.