MARY LEVINS *vs.* PHILIP H. THEOPOLD & others, executors.

Suffolk. November 6, 1950. — December 1, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or his family or his invitee, Elevator, Covenant against liability. *Negligence,* Contractual limitation of liability. *Practice, Civil,* Interrogatories. *Estoppel.*

A provision in a lease of part of a building, that the lessor should "not be liable to the lessee or any other person for any injury . . . to any person . . . on or about the demised premises or any elevators . . . used in connection therewith or the building," barred recovery against

the lessor for personal injuries sustained in 1943 by one stepping into an elevator while in the building on business with the lessee.

In an action against a lessor of a part of a building for personal injuries sustained on an elevator by a business visitor of the lessee, a refusal of the defendant to answer an interrogatory as to limitations of his liability on the ground that "such information . . . [was] irrelevant and immaterial in view of" his answer to another interrogatory to the effect that he was the owner of the building and in general control did not estop him from introducing the lease in evidence for the purpose of showing that it contained a provision exempting him from liability to the lessee "or any other person" for injuries sustained on the elevators.

TORT. Writ in the Superior Court dated January 5, 1946.

The action was tried before *Warner*, J.

*A. M. Escott*, for the plaintiff.

*R. N. Daley*, for the defendants.

WILKINS, J. The plaintiff, an employee of the Western Union Company, was hurt on May 18, 1943, while stepping into an elevator at 222 Summer Street, Boston, a building owned and controlled by the South Terminal Trust of which the defendants' testate was trustee. The plaintiff was on the premises on business of her employer with a tenant of part of the seventh floor under a written lease dated April 11, 1940. The plaintiff's exceptions are to the admission in evidence of the lease and to the direction of a verdict for the defendants.

The plaintiff, a business visitor of a tenant, was owed the same duty by the landlord as the landlord owed the tenant. *Peirce* v. *Hunnewell*, 285 Mass. 287, 290. *McCarthy* v. *Isenberg Bros. Inc.* 321 Mass. 170. *Brown* v. *A. W. Perry Co.* 325 Mass. 479, 480–481. The lease provided that "the lessor shall not be liable to the lessee or any other person for any injury, loss or damage, however caused, to any person . . . on or about the demised premises or any elevators . . . used in connection therewith or the building of which the demised premises are a part." On the authority of the cases hereinbefore cited, this clause bars recovery by one suing in the right of the tenant. See also *Clarke* v. *Ames*, 267 Mass. 44; *Peay* v. *Reidy*, 321 Mass. 455, 458. Nor is the clause rendered void by the provisions of G. L. (Ter.

Ed.) c. 186, § 15, added by St. 1945, c. 445, § 1, for that statute applies only to leases entered into after October 1, 1945. St. 1945, c. 445, § 2. There was no error in the admission of the lease in evidence or in directing a verdict for the defendants.

The defendants were not deprived of the right to rely upon the lease because of their answers to interrogatories. In response to interrogatory 12 (b), which inquired as to the existence of any limitations of the landlord's liability, the defendants declined to answer "upon advice of counsel as such information is irrelevant and immaterial in view of defendants' answer to interrogatory number 7." The answer to interrogatory 7 in substance was that the defendants' testate and another as trustees of the South Terminal Trust were the owners of the premises and in general control on the date of the accident. The refusal to answer interrogatory 12 (b) and the reason given raised a legal question and were not properly read in evidence. See *Minihan* v. *Boston Elevated Railway*, 197 Mass. 367, 372; *Harrington* v. *Boston Elevated Railway*, 214 Mass. 563, 567; *Goldman v. Ashkins*, 266 Mass. 374, 380. The defendants were not thereby in effect estopped from introducing the lease in evidence. The plaintiff by not availing herself of the remedy of moving for a further answer to interrogatory 12 (b) could not enlarge her rights as to the admission and exclusion of evidence. Compare *Falzone* v. *Burgoyne*, 317 Mass. 493, 497–498.

The defendants' contention that there was no evidence of negligence we need not discuss.

*Exceptions overruled.*