PERLEY B. BROWN *vs.* WONG GOW SUE &. others, trustees.

Suffolk.   October 8, 1968. — November 1, 1968.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, SPIEGEL, & REARDON, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or one having his rights, Elevator.   *Negligence,* Elevator, Contributory, Contractual limitation of liability.   *Contract,* Limiting liability, For maintenance of elevator.   *Evidence,* Unresponsive answer.

At the trial of an action for personal injuries caused by the defendants' negligence, there was no abuse of discretion in the denial of their motion to strike an unresponsive answer of the plaintiff to a question on cross-examination where the answer was relevant to the issue of contributory negligence.   [649]

Evidence in an action against the owners of a mercantile building warranted a finding that, in an exposed vertical wall of the hoistway of a

poorly lighted common freight elevator, a recess four and one-half inches wide between the elevator floor and the wall and eight inches high between the elevator floor and a lintel in the wall parallel to the floor of the elevator, which passed the lintel with only a one-half inch clearance, was a defect which was not obvious at the beginning of a lessee's tenancy [650]; and, where it appeared that while delivering bags of rice to a lessee the plaintiff was injured when he pulled the shipping rope of the elevator and it moved upward and his foot, which protruded beyond the elevator floor, became caught between it and the hoistway wall, there was no error in denying a motion by the defendants for a directed verdict on the ground of absence of negligence on their part toward the plaintiff [649, 650]; or on the ground of contributory negligence of the plaintiff. [650]

A provision in a contract with the owners of a building for servicing and inspection of a freight elevator therein, that the contractor should not "be liable in damages for any injury to persons . . . resulting from any cause whatsoever, beyond an amount which shall not exceed the cost of one inspection," limited to such cost the contractor's liability to the owners with respect to personal injuries sustained by an invitee of a tenant of the owners by reason of a defect in the elevator. [650–651]

Tort. Writ in the Superior Court dated January 4, 1963.

Following impleading of Consolidated Elevator Company as third party defendant under G. L. c. 231, § 4B, the action was tried before *Moynihan*, J.

*Philander S. Ratzkoff* for Wong Gow Sue & others, trustees.

*Thomas D. Burns* for Consolidated Elevator Company.

*Edwin R. Trafton* for Perley B. Brown.

Spiegel, J. This is an action of tort for personal injuries sustained by the plaintiff when his foot was caught between the floor of an elevator car and the hoistway wall of a freight elevator on the defendants' premises. Consolidated Elevator Co., Inc. (Consolidated), under contract with the defendants to service and inspect the elevator, was joined as a third party defendant. The jury found for the plaintiff in the sum of $6,000 and for the defendants as third party plaintiffs in the sum of $7.30. The defendants took exceptions to the denial of their motion to strike certain evidence, to the denial of their motion for a directed verdict[1] and, as third party plaintiffs, to the judge's instructions to the jury.

---

[1] The defendants also excepted to the denial of their motion for entry of a verdict under leave reserved.

DEFENDANTS' EXCEPTIONS.

The following is a summary of the evidence pertinent to the defendants' exceptions. The defendants were the owners of a five story mercantile building located in Boston. A hoistway and freight elevator were provided for the use of the tenants of the building. The car of the elevator was enclosed on the right side and the rear by walls and the left side was open to the hoistway wall. Access from the car to the basement and the second floor of the building was from the left side of the car. There was no opening in the hoistway shaft into the building at street level. Entrance to the car at street level was from the front, directly from the sidewalk.

The left wall of the hoistway which was exposed when the car was at street level was vertical except for a "ledge or lintel" which ran along the wall parallel to the floor of the car. At the bottom of the lintel the wall recessed horizontally about four inches and then continued down vertically to the top of the basement doors. When the car was at street level the bottom of the lintel was approximately eight inches above the floor of the car, causing a space of about four and one-half inches between the left side edge of the car floor and the hoistway wall. When the car was raised so that its floor was even with or above the lintel, the space was only about one half of an inch wide. The elevator car was illuminated by a small light fixture on the extreme left corner of the car. A "shipping rope" by which the car could be raised or lowered was located near the rear wall of the car.

At the time of the accident, Cathay House, Inc. occupied the basement and the first and second floors of the building under two written leases which granted the lessee "the right to use in common with the other tenants entitled thereto the freight elevator." The plaintiff was a delivery man employed by the Far East Trading Co. On the day of the accident he was delivering seventeen 100 pound bags of rice to Cathay House, Inc. When he arrived at the service entrance, "the floor of the elevator was about 'three, four or

five inches' below the street level." He loaded the rice onto the elevator car, leaving one to two feet along the left side for himself. The car "sagged" an additional four or five inches with the load of rice. The plaintiff entered the car, pulled the shipping rope and turned to the left, looking up in order to face where he would be getting off of the car. As the car moved upward, his right foot became caught in the space between the floor of the car and the hoistway wall. On reversal of the movement of the car, his foot came out with the top of his shoe torn off.

1. On cross-examination, the plaintiff was asked whether he knew "that you had to keep every part of your body so that it didn't protrude or go over the edge of the elevator floor." Although instructed by the judge to give a "[y]es or no" answer, the plaintiff responded that "[w]hen you're standing against the wall and if part of my feet touched the base of the wall at the bottom of the elevator, I would have known maybe . . . I would have known maybe I was leaning one way or the other. At the time it happened I was away from the wall, my body was away from the wall safe, and unconsciously, my feet overlapped." The defendants assert that their motion to strike the plaintiff's answer as unresponsive should have been granted. They press the exception only as far as it is germane to the determination of the propriety of the judge's denial of their motion for a directed verdict.

Assuming that the answer was unresponsive, the judge was not required to strike it if it was relevant. *Lewis* v. *Coupe,* 200 Mass. 182, 187. *Nelson* v. *Hamlin,* 258 Mass. 331, 341. The plaintiff's answer was relevant to the issue of his contributory negligence and it was within the discretion of the judge to allow it to stand.

2. The defendants contend that their motion for a directed verdict was incorrectly denied because there was no evidence that they were negligent toward the plaintiff. They argue that the duty owed to the plaintiff, a business invitee of a tenant, is measured solely by the legal obligation they owed to the tenant, and that as the condition which caused

the injury was one which would have been disclosed at the time of the signing of the leases by an ordinary, reasonable inspection by the tenant, the danger must be regarded as obvious and no liability can be imposed upon them, the landlord. See *Stumpf* v. *Leland*, 242 Mass. 168; *Brown* v. *A. W. Perry Co.* 325 Mass. 479, 480–481. Whether the condition would have been disclosed by a reasonable inspection of the premises at the beginning of the tenancy was a question of fact for the jury. Considering the evidence most favorable to the plaintiff we think that the jury could have found that the defect was not obvious at that time. A recess in a wall of uneven texture and color only eight inches above the floor of a poorly lighted elevator car is not necessarily obvious on a careful inspection. That a person with prior knowledge of the recess could have detected it when looking for it is not the standard.

3. The defendants also contend that their motion for a directed verdict should have been granted because the plaintiff was contributorily negligent as a matter of law. The question of contributory negligence is ordinarily a question of fact for the jury. *Summering* v. *Berger Realty, Inc.* 344 Mass. 38, 42. "[W]here on all the facts, more than one inference rationally may be drawn, it is a question of fact and cannot be ruled as matter of law." *Mercier* v. *Union St. Ry.* 230 Mass. 397, 404. In the instant case the jury could find that there was no contributory negligence on the part of the plaintiff. There was no error in the denial of the motion.

DEFENDANTS' EXCEPTIONS AS THIRD PARTY PLAINTIFFS.

Consolidated Elevator Co., Inc. was required by a contract with the defendants to periodically "[i]nspect, clean, oil and adjust" the freight elevator. The contract also provided that: "Nor shall said Company [Consolidated] be considered in any sense an insurer, nor be liable in damages for any injury to persons or property resulting from any cause whatsoever, beyond an amount which shall not exceed

the cost of one inspection." The cost of an inspection was $7.30.

The defendants, as third party plaintiffs, excepted to the instruction to the jury that, if the defendants were entitled to recover against Consolidated, the damages were limited to $7.30 because of their contract with Consolidated. They argue that the damage limitation provision does not expressly and unequivocally limit Consolidated's liability for negligence and is therefore ineffective here. In *Clarke* v. *Ames*, 267 Mass. 44, 46, a lessee contracted to "'save the lessor harmless and indemnified' from liability by reason of . . . 'any injury, loss or damage' from 'any cause' to 'any person.'" It was held that "[t]he words 'any cause' are broad enough to include negligence of the lessors or their agents and servants." See also *Levins* v. *Theopold*, 326 Mass. 511, 512–513. *Laskowski* v. *Manning*, 325 Mass. 393, relied on by the defendants, is not contrary to these cases. In the *Laskowski* case a provision that the lessee was to save the lessor harmless from any claim or damage arising from neglect in not removing snow or ice from the sidewalks was construed not to include the removal of ice resulting from the lessor's negligence as to a part of the property in the lessor's control. The lessor there was not indemnified from liability "from any cause." There was no error.

*Exceptions overruled.*