COMMONWEALTH vs. JOHN M. TUCKER, JR.

Suffolk.   November 19, 1973. — May 30, 1974.

Present: ROSE, KEVILLE, & GOODMAN, JJ.

*Narcotic Drugs.    Evidence,* Unresponsive answer, Relevancy and materiality.

A finding of guilty of unlawful possession of heroin with intent to sell was warranted by the discovery in the defendant's apartment of heroin and equipment which a police officer with experience and special training in the field of narcotic drugs testified was commonly used in illegal traffic in narcotic drugs and not normally used by one possessing heroin solely for personal use. [330]

At the trial of an indictment for possession of heroin with intent to sell, where the prosecutor had asked a witness for his opinion concerning the use of a certain substance in illegal traffic in narcotic drugs and the witness had named the substance and stated that it was a dilutant, it was not unresponsive to the question for the witness to state further that the dilutant was very expensive and was usually found in New York and not in Boston. [331]

Even if an answer of a witness for the Commonwealth at a criminal trial had been unresponsive to the question, the judge would not have been required to strike it where it was relevant on the issue of the defendant's guilt. [331]

INDICTMENT found and returned in the Superior Court on March 7, 1972.

The case was heard by *Linscott,* J., without jury.

*James Michael Hughes* for the defendant.

*Imelda C. LaMountain,* Assistant District Attorney, for the Commonwealth.

ROSE, J.   The defendant was convicted after a jury-waived trial held pursuant to the provisions of G. L.

c. 278, §§ 33A-33G,[1] of unlawful possession of heroin with intent to sell. He has assigned as error the judge's refusal to strike certain testimony and his denial of a motion for a directed verdict (treated as a motion for a finding of not guilty) which was filed at the close of the Commonwealth's case and was renewed after the defense had rested.

From the evidence introduced at the trial, the trial judge could have found the following. On January 25, 1972, police searched the defendant's apartment pursuant to a search warrant the validity of which is not questioned here. On a living room couch the police discovered a record album cover, on or near which was a large amount of white powder containing heroin, a glassine bag partially filled with a white powder which also contained heroin, four household measuring spoons, a household strainer, a roll of scotch tape, a playing card, and approximately twenty glassine bags. All of these items were covered with a residue of white powder.

Inside a closet, lying in a bag, the police found a sixteen-ounce cardboard box, a glassine bag, and a tinfoil package (all of which contained milk sugar); a half block of a white powder known as "bonita" (a dilutant); a long-handled copper spoon, pieces of a straw and loose playing cards, coated with heroin; two boxes, each of which held one thousand empty glassine bags; and seven glassine bags of the same type as those found in the boxes, each wrapped or sealed with scotch tape and each containing heroin. A white powder found to contain heroin was also discovered on the floor of the closet. On a shelf over the mantel of the closet was a plastic container holding a quarter to half an ounce of powder containing heroin. A search of drawers in the apartment yielded a glassine bag and a tinfoil packet, each of which contained milk sugar; four glassine bags in each of

---

[1] The defendant's conviction on a companion indictment for the unlawful possession of a firearm is not at issue here.

which there was powder or residue containing heroin; and two record albums and a playing card, each covered with a white residue containing heroin.

As no direct evidence was introduced to show that the defendant had participated in a heroin sale, his conviction rested upon the heroin found and upon such inferences as could be drawn from the nature of the equipment discovered in the apartment. On this issue, there was testimony by Arthur Linsky, a Boston police officer with thirteen years' experience and special training in the field of narcotics investigation, that certain of the articles of equipment found in the defendant's apartment (in particular the phonograph album covers, playing cards,[2] strainer, bonita and glassine bags) are commonly used in illegal traffic in narcotic drugs. Linsky was of the opinion that such items are not normally employed by a person who possesses heroin solely for personal use.

The defendant, citing Linsky's testimony, argues that the equipment found in the apartment could also have been employed to process heroin for his personal use. It was, however, for the judge as the trier of fact to evaluate this testimony, which was to the effect that although such equipment could be used by anyone wishing to dilute heroin, such processing would normally be undertaken only by a dealer in the drug.

The judge was warranted in concluding that an inference of the defendant's guilt had been "established beyond a reasonable doubt; and the facts inferred . . . [had been] as properly proved as if directly testified to." *Commonwealth* v. *Bonomi,* 335 Mass. 327, 356 (1957). *Commonwealth* v. *Ellis,* 356 Mass. 574, 579 (1970). There was therefore no error in the denial of the defendant's motion.

---

[2] According to Linsky, the fact that phonograph album covers and playing cards have non-porous surfaces has led to their widespread use in the mixture of heroin and other additives in preparation for sale.

Commonwealth *v.* Tucker.

The defendant's other assignment of error concerns the judge's refusal to strike a portion of an opinion given by Linsky.[3]   The defendant asserts in a footnote to his brief that Linsky's answer was unresponsive.   Although we question whether this issue has been argued within the meaning of Rule 1:13 of the Appeals Court (1972), 1 Mass. App. Ct. 899, we have considered the point and conclude that the cited testimony was in fact responsive to the question.   Even if the witness' answer had not been responsive, the judge would not have been required to strike it from the record, as the evidence contained therein was both competent and relevant to the defendant's guilt.   See *Commonwealth* v. *Taylor,* 327 Mass. 641, 649 (1951);   *Brown* v. *Wong Gow Sue,* 354 Mass. 646, 649 (1968).

*Judgment affirmed.*

---

[3] The response in question was made in the course of the following exchange.   The portion to which the defendant objected is italicized.

THE ASSISTANT DISTRICT ATTORNEY:   "I will show you Exhibit 8 and ask you whether based on experience and training you have an opinion as to the use of that exhibit in the illegal traffic in narcotic drugs?"

THE WITNESS:   "Yes, ma'am."

THE ASSISTANT DISTRICT ATTORNEY:   "Will you tell the court what your opinion is?"

THE WITNESS:   "This is called bonita. It's a dilutant. *But it's a very expensive dilutant, usually found in New York.   We do not usually find it in Boston.   It's a very expensive dilutant.*"

"It dilutes much better than milk sugar.   It dilutes the heroin much better."