*Northern Division*

No. 8222

**JOSEPH L. MURRAY**

v.

**BOSTON HARBOR INDUSTRIAL DEVELOPMENT CORP. ET AL**

Argued: May 30, 1974 - Decided: Sept. 27, 1974

*Present:* Cowdrey, P.J., Flaschner, Flynn, JJ.
Case tried to *Linehan, J.* in the South Boston
Municipal Court, No. 1959 of 1970.

**Flynn, J.** This is an action of tort, commenced on a writ dated May 8, 1970.

The declaration is in four Counts. Counts 1 and 2 are against the defendant Boston Harbor Industrial Development Corp. (hereinafter ''Boston'') and alleges that while the plaintiff was upon land owned or controlled by Boston he suffered personal injury (Count 1) and property damage (Count 2) because of a ''want of repair thereof which the defendant negligently suffered.'' Counts 3 and 4 are for the same cause of action against Penn Central Company and were discontinued prior to trial.

The answer is a general denial and pleas of contributory negligence, assumption of the risk, violation of law, statute of limitations, and a specific denial that the injuries and damage were caused by a person for whose conduct the defendant was responsible.

The court found for the defendant.

**At the trial there was evidence tending to show that** on July 5, 1969 the plaintiff was an employee of the United States Post Office. He worked at a building located near the corner of "E" and First Streets in South Boston. As an employee, the plaintiff was allowed to park his car in the lot adjacent to the building.

At about 7:45 A.M., on that date, the plaintiff was leaving work in his automobile. While crossing the parking lot adjacent to the building he suffered personal injury and property damage when one wheel of his vehicle went into a "pot hole." The hole was concealed by a large puddle produced by heavy rain throughout the previous night. Although the hole had been there for several months, the plaintiff did not know of its existence because he usually left the parking lot by another exit.

The land where the plaintiff was injured was owned by the defendant Boston. It was demised by Boston to the United States for use by the Postal Department. The tenancy was governed by a written lease which was introduced into evidence and which indicated

that the area where the plaintiff was injured was part of the demised premises. By section number 7 Boston agreed to "... maintain the demised premises ... in good repair and tenantable condition, except in the case of damage arising from the act or negligence of the Government's agents or employees." It also provided that, "For the purpose of so maintaining the said premises and property, the lessor may at reasonable times enter and inspect the same and make any necessary repairs thereto."

Prior to the accident, the Army Corps of Engineers, on behalf of the Postal Service, had given the defendant written notice that the parking lot was in need of repair because of pot holes.

At the trial it was stipulated by counsel that fair and reasonable damages, if any were in order, would be $200. on Count 1 (for personal injury) and $900. on Count 2 (for property damage).

At the close of the evidence, and before final argument, the plaintiff made the following requests for rulings:

1. The plaintiff was a business invitee as to the defendant and was owed the duty of ordinary care by the defendant in the maintenance of the premises.

2. On all the evidence a finding for the plaintiff is warranted.

3. On all the evidence a finding for the plaintiff is required.

The court denied all of the plaintiff's requests.

The plaintiff claimed to be aggrieved by the denial of his requests for rulings and by the finding for the defendant.

The trial justice, in denying the plaintiff's requests for rulings, made certain findings of fact and rulings of law. He found that the area in which the accident happened was, under the terms of the lease, under the control, possession, and use of the grantee tenant, the United States Post Office Department. He further found that the plaintiff as an employee of the tenant had a legal right to park his car in the parking lot and to drive his car on and off the lot. He also found that the condition of the hole after a heavy rainfall was such as to cause the plaintiff's property damage and personal injuries. He found that the Postal Department owed a duty to the plaintiff to keep the parking lot in a reasonable safe condition, and that the condition of the lot in the area where the accident happened, that is, the presence of a deep hole several feet in diameter, amounted to a breach of the said duty. He further found that the plaintiff was free from negligence.

Notwithstanding the fact that the lessee had notified the lessor of the existence of the hole some time prior to the accident, the justice

found that the Postal Department could have repaired the hole, and then could have sued the defendant lessor for breach of the lease and for failure to repair after notice.

The justice further ruled that the plaintiff had the burden to prove that the defendant was in control of the location where the accident happened and that he had not sustained such burden.

We are of the opinion that the trial justice correctly denied the plaintiff's requests for rulings.

As to request #1, there was no evidence of any direct invitation from the defendants to the plaintiff to come upon the premises and whatever rights he had against the defendants he derived from his employer, the United States Post Office Department, the lessee. His rights rose no higher than those of the lessee. *Corbett* v. *Salusti,* 330 Mass. 273, 276 (1953) and cases cited, *Pierce* v. *Hunnewell,* 285 Mass. 287, 290 (1934), *Levins* v. *Theopold,* 326 Mass. 511, 512 (1950).

As to requests #2 and #3, the plaintiff is correct in his contention that the interpretation of the lease herein presents a question of law. The plaintiff contends that this case comes within the third class of cases set forth in *Fiorntino* v. *Mason,* 233 Mass. 451, 453 (1919) in which strict liability imposed on a landlord for failure to make repairs and maintain the premises in a safe condition where the land-

lord has covenanted under the lease so to keep the premises on his own responsibility without notice of the defective condition.

However, the landlord's covenant to repair and maintain in the instant case also included an excepting clause, to wit, "except in case of damage arising from the act or negligence of the Government's agents or employees."

As was stated in an opinion by Mr. Justice Ronan in *Corbett* v. *Salusti,* (supra) where a lease also running to the United States Postal Department contained language nearly identical to the language in the lease in the case at bar; "the lessor did not undertake to keep the premises in good repair or free from a defective or dangerous condition arising from such want to repair by reason of damage resulting from 'the act or negligence of the government's agents or employees.' The excepting clause exempting the lessors from liability occurs in the same sentence in which they assumed the keeping of the premises in good repair and in a tenantable condition. The whole sentence must be read together to determine the extent of the lessors' undertaking. The excepting clause eliminates from their undertaking what otherwise would be included. It has now become unnecessary to decide to which of the classes designated in *Fiorntino* v. *Mason,* 233 Mass. 451, the instant lease belongs. The plaintiff in order to recover was required to show that the cause of his injury did not arise from the negligence of the agents or servants

of the lessee. *Commonwealth* v. *Hart,* 11 Cush. 130, 134. *Murray* v. *Continental Insurance Co.,* 313 Mass. 557, 561. *Gorski* v. *New York Life Insurance Co.,* 315 Mass. 17, 19-20.''

Therefore, we hold that the plaintiff as a necessary part of his case was required to show that the excepting clause did not apply. Not only has he not sustained this burden of proof, but the trial justice has found as a fact that there was a breach of duty owed the plaintiff by the plaintiff's employer, the Postal Department lessee. This finding would appear to be based on the subsidiary finding by the trial justice that control of the area was in the lessee. As a parking lot for the Postal Department the area was used extensively by Postal Department agents and employees.

Indeed, even if it had been found that control was in the defendant, we would arrive at the same result. Wholly apart from the question of control, the case turns on the interpretation of the landlord's covenant containing an excepting clause which has not been shown by the plaintiff to be inapplicable. The plaintiff had the burden to show that the condition was not caused ''from the act or negligence of the Government's agents or employees.''

There being no prejudicial error, **the report is dismissed. So ordered.**

JOHN J. KEANE of Boston
  for the Plaintiff
BADGER, SULLIVAN, KELLEY & COLE of Boston
  for the Defendant