COMMONWEALTH *vs.* RICHARD C. BISHOP, JR.

Essex.    November 14, 1977. — December 21, 1977.

Present: HALE, C.J., GRANT, & ARMSTRONG, JJ.

*Evidence,* Unresponsive answer, Relevancy and materiality.   *Practice, Criminal,* Motion to strike.

At a criminal trial, there was no error in the judge's denial of a motion to strike an entire answer by a witness where only a portion of the answer was unresponsive and the answer was relevant. [739-741]·

INDICTMENTS found and returned in the Superior Court on May 19, 1975.

The cases were tried before *Donahue,* J.

*James B. Krasnoo (Gregory C. Howard* with him) for the defendant.

*Gregory C. Demakis,* Assistant District Attorney, for the Commonwealth.

HALE, C.J.    The defendant has appealed (G. L. c. 278, §§ 33A-33G) from convictions on two indictments charging him with armed robbery. We summarize the evidence material to the only assignment of error which has any possible merit.

On April 10, 1974, two women were robbed while in their house in Andover by three men — Lopsey, Palmer, and McCarthy. Shortly after 9:00 P.M. on April 9, 1974, the defendant, together with the above three men, drove in an automobile operated by the defendant from Cambridge to a house in Andover where the robbery was to take place the following day. They entered the back yard of the home but left shortly thereafter. The next day the defendant, accompanied by the same three men, again drove from Cambridge to Andover, arriving at approximately 1:30 P.M.

at the same house where they had been the night before. They drove by the house and proceeded to a shopping center about four miles away. The defendant directed McCarthy to telephone the house and ask for "Don." The defendant did not give McCarthy the telephone number but told him that "Don" was one Donald Lewis. After obtaining a phone number from the information operator, McCarthy made the call. A woman answered the telephone. McCarthy asked for "Don" and was informed that he was not there. He then returned to the car, and the four drove back to the vicinity of the Andover house, stopping the car about three houses away. The defendant remained in the car while the other three went to the house and robbed the women. After the robbery they returned to the car and drove away. Later they divided the $110 taken in the robbery, each receiving $25. The defendant received an additional $10 for gas. They also divided drugs taken in the robbery.

At the trial McCarthy testified for the Commonwealth. In the course of his testimony he described the event which took place on the previous evening outside the house in which the robbery was to take place and was asked by the prosecutor, "What did you do at this house?" McCarthy responded, "All four of us got out of the car and we went around the back. We were going to rob them, and when we got to the back [the defendant] said, 'No. We can't stay here. Let's get out of here.' " The defendant objected and moved to strike the answer. The judge then asked the defendant, "What part of the answer do you want struck?" and the defendant answered, "The entire response and the question before it, your Honor." The judge ruled, "The answer may stand," and the defendant excepted. The defendant then moved for a mistrial, which was denied, with the defendant's exception noted.[1] The defendant concedes that the answer was responsive except

---

[1] The two motions raised the same questions, and we consider them together.

for the words, "We were going to rob them." He argues
that those words were not only unresponsive but also
irrelevant because the defendant was not charged with
conspiracy to rob and because the robbery charged did
not take place until the following day.

Clearly, the defendant is correct in his contention that
the words just quoted were unresponsive. His motion to
strike was the appropriate way to seek to have the offend-
ing language removed from the evidence. *Commonwealth*
v. *Early*, 349 Mass. 636, 637 (1965). However, the defend-
ant was not entitled to have the responsive portions of the
answer struck. His failure to indicate which part of the
answer he objected to, when asked to do so by the judge,
and his insistence that the question and the entire answer
be struck made his motion overly broad and inappropriate
in the circumstances. It was properly denied. *Common-
wealth* v. *Anderson*, 220 Mass. 142, 145 (1915). *Common-
wealth* v. *Powers*, 294 Mass. 59, 61 (1936). The denial was
also correct as the answer given, though unresponsive,
was relevant. Evidence of the purpose of the four men
being outside the house on the evening previous to the
robbery was relevant to show that the defendant, who
remained in the car during the robbery, did in fact know of
the intended robbery, that he acted as the driver of the
getaway car, and thus that he was engaged in a common
enterprise to commit a robbery. The judge was not re-
quired to strike an unresponsive but relevant answer.
*Brown* v. *Wong Gow Sue*, 354 Mass. 646, 649 (1968). *Com-
monwealth* v. *Tucker*, 2 Mass. App. Ct. 328, 331 (1974).

The defendant also argues that the phrase, "We were
going to rob them" was the witness's opinion of the de-
fendant's intent. It strikes us that the statement was one
of fact rather than opinion. It would appear that the
witness had personal knowledge of the planned purpose of
the four collaborators outside the Andover house on the
evening of the ninth. The statement in question was a
shorthand expression or composite of his perception of the
plans of the four, which plans had been formulated prior

to the appearance of the four men at the Andover house.[2] See *Commonwealth* v. *Moore*, 323 Mass. 70, 76-77 (1948); *Commonwealth* v. *Tracy*, 349 Mass. 87, 95 (1965), cert. denied, 384 U. S. 1022 (1966); Leach & Liacos, Massachusetts Evidence 89 (4th ed. 1967).

There was no error in the denial of the motions.

There is no merit in any of the other five issues argued by the defendant.

*Judgments affirmed.*

---

[2] McCarthy testified that they arrived in Andover between 9:30 and 10:00 P.M. and that he had been with the defendant since noon.