COMMONWEALTH *vs.* JOHN M. RODRIGUES, JR. September 26, 1978. After a jury trial the defendant was convicted of the crimes of rape and kidnapping, and he has appealed. The only dispute at trial was whether the acts alleged were forced or consensual. There was no error. 1. The defendant contends that the judge erred in refusing to strike the victim's answer to a question posed to her during cross-examination and claimed by the defendant to be unresponsive. Assuming, arguendo, the answer was unresponsive, it was relevant, and it was within the discretion of the judge to allow it to stand. *Brown* v. *Wong Gow Sue,* 354 Mass. 646, 649 (1968). *Commonwealth* v. *Tucker,* 2 Mass. App. Ct. 328, 311 (1974). *Commonwealth* v. *Bishop,* 5 Mass. App. Ct. 738, 740 (1977). Considering the questions and answers preceding and following the disputed answer, we cannot conceive of how the defendant could have been harmed by it. 2. Error is claimed in the admission of a screwdriver (and of testimony concerning the finding of the screwdriver) which was found at the time of the defendant's arrest twelve days after the alleged rape, tucked in a seam of the carpet between the driver's seat and the door in the defendant's car. The victim had testified that the defendant told her that he had a knife. She also testified that she was "very, very scared" and did what the defendant told her to do since she thought he had a knife. No knife or screwdriver was displayed to the victim. Given the location of the screwdriver by the driver's side and given that its potential for harm was as great as that of a knife, its presence in the car was at least of marginal relevance to show that the defendant had the means to back up his threats.[1] In admitting the evidence the judge recognized its marginal character as well as its probable lack of prejudicial impact when he

---

[1] Later in the trial the defendant testified that he had had the screwdriver in his car at the time of the incident and used it to adjust the rear view mirror.

stated, "I think it won't make too much difference one way or the other." Having considered all of the evidence, we agree with the judge and hold that he did not abuse his discretion since the relevance of the evidence outweighed any slight prejudice which might have flowed from its admission. See *Commonwealth* v. *Patterson*, 4 Mass. App. Ct. 70, 74 (1976). Contrast *Green* v. *Richmond*, 369 Mass. 47, 59-60 (1975); *Commonwealth* v. *Wesley, ante* 513, 515 (1978). Compare *Commonwealth* v. *Blow*, 362 Mass. 196, 201 (1972). 3. The defendant's claim that the judge erred in permitting a certain leading question merits no discussion; the question was never answered.

*Judgments affirmed.*

*Stephen R. Kaplan*, Assistant District Attorney, for the Commonwealth.

*Stephen M. Reilly & Edward L. Donnellan*, for the defendant, submitted a brief.

