Butler, J.
The defendant Rusen Atiniz, Trustee of Fresh Pond Shopping Center Trust (Atiniz), moved for summary judgment on his third-party claim against third-party defendant Levitt Industries, Inc. (Brooks). Relying on plain provisions in the lease agreement, Atiniz seeks enforcement of the agreement therein requiring Brooks to defend and indemnify him. In response, Brooks moved for summary judgment against Atiniz on the grounds that the contractual indemnity provision in the commercial lease between Brooks and Atiniz is void pursuant to G.L.c. 186, §15, *333 and therefore Brooks has no duly to defend, indemnify or make contribution to Atiniz in the action brought against Atiniz by John and/or Sandra Hudson. Finally, Atiniz argues that G.L.c. 186, §15 does not apply to a lease in a commercial tenancy setting.
FACTS
The undisputed facts are as follows: Brooks leased certain premises from Atiniz in the Fresh Pond Shopping Center. Article IX of the lease, entitled “Insurance and Indemnity” provided as follows:
Tenant will indemnify and save landlord harmless from and against any and all claims, actions, damages, liability and expenses in connection with the loss of life, personal injury and/or damage to property arising from or out of any occurrence in, upon or at the Leased Premises or any part thereof, or occasioned wholly or in part by any act or omission of Tenant, its agents, contractors, employees, servants, lessees or concessionaires. In the event that Landlord shall, without fault on its part, be made a party to any litigation commenced by or against Tenant, then Tenant shall protect and hold Landlord harmless and shall pay all costs ... in connection with such litigation.
In February 1989, John Hudson (Hudson) slipped and fell while making a delivery at the loading dock for Brooks. The loading dock was located on premises owned by Atiniz and leased to Brooks. Hudson was injured as a result of that fall and brought suit against Atiniz, alleging that Atiniz was negligent in the “ownership, maintenance, control, inspection, repair, construction and design of said premises.” Brooks has admitted that at the time of the accident, Hudson was employed by Brooks and acting within the scope of his employment.
Atiniz filed a third-party complaint against Brooks for contribution and indemnification. For the following reasons, Atiniz’s motion for summary judgment against Brooks is denied, and Brooks’s cross-motion for summary judgment against Atiniz is allowed.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. ”[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 297, 209 (1989).
I. Indemnification clause
Atiniz argues that pursuant to the applicable lease, Brooks owes a duty to indemnify Atiniz in connection with the tort claims of Hudson. Under G.L.c. 186, §15, certain indemnification clauses between landlords and tenants are found to be against public policy. The statute states:
Any provision of a lease or other rental agreement relating to real property whereby a lessee or tenant enters into a covenant, agreement or contract, by the use of any words whatsoever, the effect of which is to indemnify the lessor or landlord or hold the lessor or landlord harmless, or preclude or exonerate the lessor or landlord from any or all liability to the lessee or tenant, or to any other person, for any injury, loss, damage or liability arising from any omission, fault, negligence or other misconduct of the lessor or landlord on or about the leased or rented premises or on or about any elevators, stairways, hallways or other appurtenance used in connection therewith, shall be deemed to be against public policy and void.
G.L.c. 186 §15.
A landlord cannot contract away any potential liability it may have for injury, loss or damage resulting from any omission, fault, negligence or misconduct on the part of the landlord. Young v. Garwacki, 380 Mass. 162, 171 (1980). See Massey v. Cloutier, 26 Mass.App.Ct. 1003, 1004 (1988) (agreement that landlord would not be responsible for dilapidated condition of premises was no defense to personal injury action). We must look to the language of the provision in the Atiniz/Brooks lease to determine if it is void pursuant to G.L.c. 186, §15.
The relevant clause requires Brooks to indemnify Atiniz from any claims, actions, damages, liability and expense in connection with personal injury (among other things) arising from or out of any occurrence in, upon, or at the leased premises or any part thereof. Such occurrence could in fact be due to the omission, fault, negligence or misconduct of the landlord Atiniz and thus would be void under G.L.c. 186, §15. Although the clause goes on to provide that Brooks will indemnify Atiniz for any loss resulting from an act or omission of Brooks itself, the first part of the clause *334 provides for indemnification from claims arising from any occurrence upon the premises. This language does not limit potential negligence to Brooks’s acts alone and therefore provides for indemnification from claims for which Atiniz might be liable.
Furthermore, the plaintiff, Hudson, would have to prove that Atiniz was negligent before Atiniz would be able to seek indemnification from Brooks. If it were held that Atiniz was not negligent, there would be no need for indemnification from Brooks. Therefore, Atiniz is claiming that Brooks must provide indemnification for a loss resulting from Atiniz’s negligence. Any provision of a lease which indemnifies the landlord from liability for injury arising from the negligence of the landlord is void according to G.L.c. 186, §15. Thus, the provision in the Atiniz/Brooks lease is void and Atiniz has no right to indemnification from Brooks. See Young v. Garwacki, supra at 171.
Atiniz argues that G.L.c. 186, §15 applies not to commercial leases, but only to residential leases. The few appellate cases which address this point do not decide if G.L.c. 186, §15 should extend to nonresidential properties because that particular question was not an issue before the court in those cases. Young v. Garwacki, supra at 171 n.12; Manaster v. Gopin, 330 Mass. 569, 571 (1953); Levins v. Theopold, 326 Mass. 511, 512-13 (1950); R.H. Macy & Co., Inc. v. City of Fall River, 323 Mass. 624, 627 (1949). The Young court observed that the statute, G.L.c. 186, §15, was not limited by its terms to residential properties. Young, supra at 171. In Monaster, Levins and R.H. Macy, the court held that G.L.c. 186, §15 did not apply to the indemnity provisions because the commercial leases in question were entered into prior to the statute’s effective date. Manaster v. Gopin, supra at 571; Levins v. Theopold, supra at 512-13; R.H. Macy & Co., Inc. v. City of Fall River, supra at 627. In these decisions the court did not make distinctions between residential and commercial leases to determine the applicability of G.L.c. 186, §15. Id.
The court considered G.L.c. 186, §15 in a case involving a lessee’s promise to indemnify the lessor in a commercial tenancy, but never reached the question of the statute’s applicability to a commercial lease. The decision rested on the fact that the place of injury was not part of the “demised premises” referred to in the indemnity provision. Peay v. Reidy, 321 Mass. 455, 458 (1947) (Court did not have to consider validity of provision because landlord was liable in any event).
Atiniz argues that this court should follow the In re Hemingway Transport, Inc. case which held that a broadly worded indemnification clause in a real property lease effectively transferred liability to the tenant. In re Hemingway Transport, Inc., 126 B.R. 650, 653-54 (1991). The Hemingway case involved the transfer of liability under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) and the court held that G.L.c. 186, §15 was not applicable with respect to CERCLA liability where there was no evidence tending to show any fault on the part of the landlord. Id. at 654; 42 U.S.C. §9606(a). The court did not hold that G.L.c. 186, §15 was inapplicable because of the commercial nature of the lease. Under the CERCLA statute parties may contract to transfer financial responsibilities. Id. at 653; 42 U.S.C. §9607(e)(l). A landlord has no right to be indemnified by the lessee for liability arising out of “omission, fault, negligence or other misconduct of the lessor.” Id. at 654, citing G.L.c. 186, §15. The court in Hemingway found no fault on the part of the landlord and determined that tenant’s liability arose from its use of property, not from any omission, fault, negligence or misconduct of the landlord. Id. at 653-54. Thus, the Hemingway court in determining that G.L.c. 186, §15 did not apply to the indemnity provision of the lease with respect to CERCLA liability, recognized that the provision indemnified the landlord from the tenant’s liability, not the landlord’s liability. Id. at 654.
In addition, the holding in Hemingway considers an indemnity clause under the specific circumstances of a CERCLA claim. It does not rule on the general applicability of G.L.c. 186, §15 to commercial leases and therefore this court does not find it persuasive as to that issue.
The plain language of G.L.c. 186, §15 prohibits this kind of indemnification clause in leases of real property. As the Appeals Court noted in a case involving interpretation of G.L.c. 186, §15B (the security deposit statute), “If the language of a statute is clear and unambiguous it must be given its ordinary meaning, as that language is the principal source of insight into legislative purpose.” Jinwala v. Bizzaro, 24 Mass.App.Ct. 1, 4 (1987). Therefore, this court rules that the indemnification clause in the lease between Atiniz and Brooks is invalid since it violates G.L.c. 186, §15. Atiniz has no right to indemnification from Brooks in the action brought against Atiniz by Hudson.
II. Contribution
Atiniz argues that Brooks has a duty of contribution in the event that Atiniz is found liable to Hudson. It is undisputed that Hudson was an employee of Brooks who was injured in the course of his employment. An employer is released from all tort claims which an employee may have had against the employer as a result of an on-the-job accident according to the Worker’s Compensation Statute. G.L.c. 152, §23; Liberty Mutual Ins. Co. v. Westerlind, 374 Mass. 524, 526 (1978) (motion to implead an employer as a third-party defendant denied). When the employer cannot be held directly liable to the employee, a third-party tortfeasor cannot recover in contribution from the employer. Id. at 526.
Pursuant to G.L.c. 152, §23, Brooks was released from all tort claims which Hudson might have against Brooks as a result of the accident. Because Brooks is *335 not liable to Hudson, Atiniz has no claim for contribution against Brooks.
III. Contractual Obligation to Defend
Atiniz argues that Brooks is required to defend Atiniz and pay all his costs in connection with the litigation between Atiniz and Hudson. Atiniz relies on that provision of Article IX of the lease which states:
In the event that Landlord shall, without fault on its part, be made a party to any litigation commenced by or against Tenant, then Tenant shall protect and hold Landlord harmless and shall pay all costs . . .
The litigation commenced by Hudson is not against Brooks; rather, it is against Atiniz only. Therefore, Atiniz was not made a party to litigation commenced against his tenant. Furthermore, Hudson is not the tenant for purposes of the provision in the lease; Brooks is. The litigation was brought against Atiniz by Hudson, not Brooks. The above provision of Article IX of the lease is not applicable and Brooks has no duly to defend Atiniz nor pay any costs incurred as a result of the litigation between Hudson and Atiniz.
ORDER
For the foregoing reasons, defendant Atiniz’s motion for summary judgment on the third-party complaint against Brooks is DENIED. Further, the third-party defendant Brooks’s cross-motion for summary judgment against Atiniz on the third-party complaint is ALLOWED.